BOARDMAN, Acting Chief Judge.
Thomas Hardell & Associates, Inc., defendant below, takes this interlocutory appeal from the trial court’s order denying its motion for change of venue. We reverse.
Appellant is an employment agency specializing in the recruiting and placement of executives with insurance companies and agencies. Its principal and only place of business is in Ft. Lauderdale (Broward County).
During the latter part of 1978, appellant and appellee Nabers & Crane entered into negotiations regarding the placement of an account executive with appellee, which ultimately resulted in the placement of Robert N. Gower with appellee; and appellee sent appellant a check for the agreed amount for appellant’s services.
Appellee subsequently filed a complaint against appellant in Pinellas County alleging that after Gower came to work for appellee he exhibited a series of problems which Nabers considered indicative of mental illness rendering him unfit for employment; that appellant had represented that it conducted background investigations on all applicants; and that in failing to conduct a background investigation on Gower appellant breached its agreement with ap-pellee and was also negligent in checking *440 Gower’s background. Appellant filed a motion for transfer for improper venue, together with an affidavit by appellant’s president in support of the motion. Appel-lee filed an affidavit in opposition to the motion executed by its president averring that appellant and appellee were in repeated contact by telephone and letter and that appellee suffered damages in Pinellas County. The trial court denied appellant’s motion. This appeal followed timely.
Section 47.051, Florida Statutes (1977) provides in pertinent part:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
Since the location of property is not involved in this case, and since appellant’s principal place of business is in Broward County, the issue is whether the cause of action accrued in Broward County.
In James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970), this court held that as regards a service contract the cause of action accrues where the services are to be performed. In the instant case, an investigation of Gower’s background would necessarily have been conducted at appellant’s office in Bro-ward County. The mere fact that eventually the benefits of the contract would be enjoyed by appellee in its county of residence is not decisive. Id.; American International Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978). Thus the cause of action here clearly accrued in Broward County, and venue lies only in Broward County.
Accordingly, the trial court’s order denying appellant’s motion for change of venue is REVERSED and the cause REMANDED with instructions to enter an order granting the motion.
OTT and RYDER, JJ., concur.