399 So.2d 362 (1981)
Louis ST. LAURENT, Individually and As Trustee, Appellant,
v.
RESORT MARKETING ASSOCIATES, INC., a Florida Corporation, and Tampa Land Company, a Registered Real Estate Broker, Appellees.
Nos. 80-1864, 80-2135.
District Court of Appeal of Florida, Second District.
April 10, 1981.
*363 Jerome H. Shevin of Sparber, Shevin, Rosen, Shapo & Heilbronner, Miami, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
BOARDMAN, Judge.
In these interlocutory appeals, defendant St. Laurent challenges trial court orders denying his motions to dismiss for improper venue and to transfer on the basis of forum non conveniens. We hold that venue does not lie in Lee County where plaintiffs/appellees Resort Marketing Associates and Tampa Land Company filed this lawsuit, and we therefore reverse.
The complaint alleged that appellant had breached a sales marketing agreement between the parties for the sale of weekly units of interval ownership at a condominium resort known as Topsider Ocean Resort located on U.S. 1, Matacumbe Key, Monroe County. In paragraph 4 of the complaint appellees alleged that the funds under the contract were to be paid in Lee County. The motion to dismiss for improper venue stated that appellant's sole place of residence was currently in Monroe County; the property in litigation was located in Monroe County; "[p]ayments under the subject Contract, contrary to the allegations of Paragraph 4 of the Complaint, were to be made in Monroe County since that is where all closings were to take place `on site' in accordance with Paragraph 7A of the Contract, on which the action is based, and all final commissions allegedly accruing were to be due and paid only at closing"; and the cause of action for breach of contract, if any, occurred in Monroe County. Appellant filed an accompanying affidavit attesting to the truth of the statements contained in the motion.
The breach alleged was that appellant had ordered all of appellees' employees to leave the Topsider Ocean Resort premises and to cease performing under the contract. The testimony established that appellant's order was originally delivered in person at the Topsider Ocean Resort office in Monroe County, although he later wrote and hand delivered a formal termination letter to appellees in Lee County.
Richard Ogborne, a former Topsider employee, testified that overall direction and control over the sales operation was maintained in Lee County, that Resort Marketing's staff worked on marketing concepts and administrative functions in Lee County, and that reports concerning the progress of the sales effort were made to appellant in Lee County. However, it was undisputed that the services necessary for the day-today operation of the Topsider Ocean Resort were performed at the Topsider office in Monroe County, and all sales efforts pursuant to the agreement were performed by appellees in Monroe County.
Suit may be brought only where the defendant resides, where the cause of action accrued, or where the property in litigation is located. § 47.011, Fla. Stat. (1977). Inasmuch as there is no property in litigation, as such, and Monroe County was the county in which appellant resided at the time the action was filed and in which appellant continues to reside, the sole issue on this appeal is where the cause of action accrued.
As regards a service contract, the cause of action accrues where the services are to be performed. Thomas Hardell & Associates, Inc. v. Nabers & Crane, 382 So.2d 439, 440 (Fla.2d DCA 1980); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla.2d DCA 1970). Since all *364 sales efforts were performed in Monroe County and the actual sales took place there, we agree with appellant that the services under the contract in question were to be performed in Monroe County, regardless of the fact that the marketing strategy may have been determined elsewhere.
When there is an alleged breach of performance under a contract, where the cause of action accrues also depends on the nature of the breach alleged. If the breach is alleged to consist of renunciation of a partially completed contract, the cause of action accrues where the renunciation occurred. Mendez v. George Hunt, Inc., 191 So.2d 480, 481 (Fla. 4th DCA 1966). We again agree with appellant that the alleged breach occurred in Monroe County, when appellant first ordered appellees' employees to cease performing under the contract.
Appellees, however, contend that in addition to seeking damages for loss of future profit, they also sought to recover commissions and other sums due on sales already completed and reimbursement for expenditures they had to make which were actually appellant's obligation. Appellees assert that these funds were payable to them at their office in Lee County.
Ordinarily it is true in an action for money owed that the cause of action accrues in the county of the creditor's residence, since "the debtor should seek the creditor... ." M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99, 101 (Fla.1st DCA 1961). However, this general rule applies only where no place of payment is expressly agreed upon. M.A. Kite Co., supra; Winchester v. State ex rel. Florida Electric Supply, Inc., 134 So.2d 826 (Fla.2d DCA 1961). The agreement in issue here provides that commissions and other costs due from appellant to appellees, delineated in paragraph 16, are to be paid "at closing," the closings to occur "on site." This being so, we conclude that the place of payment to appellees was Monroe County.
There being no theory upon which venue in Lee County can properly be laid, the trial court's order denying appellant's motion to dismiss for improper venue is REVERSED and the cause REMANDED with directions to grant the motion.[1]
SCHEB, C.J., and CAMPBELL, J., concur.
NOTES
[1] In light of our decision, the forum non conveniens issue is moot, and we do not address it.