461 So.2d 1029 (1985)
CARTER REALTY Company, Etc., et al., Appellants,
v.
ROPER BROS. LAND CO., INC., Etc., Appellee.
No. 83-1807.
District Court of Appeal of Florida, Fifth District.
January 10, 1985.
*1030 Douglas A. Lockwood, III, of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Winter Haven, for appellants.
George E. Adams of Adams, Hill & Fulford, Orlando, for appellee.
COWART, Judge.
This case involves venue in an action for breach of a contract provision for the payment of money where no place of payment is specified.
Both parties are real estate brokerage firms. Carter Realty, whose office for transaction of its customary business is in Polk County, Florida, had a brokerage agreement to sell land in Polk County. Carter Realty orally agreed to share the sales commission with Roper Bros., whose office for transaction of its customary business is in Orange County, Florida, if Roper Bros., as a cooperating broker, procured a purchaser. The parties did not agree as to the place of payment of any money that might become due to Roper Bros. under the oral cooperation agreement. Roper Bros. procured a purchaser and the resulting sales contract was executed in Polk County and the land sale was closed there at which time Carter Realty collected the whole sales commission. Roper Bros. filed an action in Orange County against Carter Realty for its agreed share of the sale commission. The trial court denied Carter Realty's claim of improper venue and Carter Realty appeals.
Notwithstanding the fact that the commission paid by the owner to Carter Realty was created by the land sale contract that occurred in Polk County and notwithstanding all other factors relating to Polk County, this action is on the debt that Carter Realty allegedly owes Roper Bros. as the result of Roper Bros. performance under the oral coorporation agreement. Without regard to where the original brokerage agreement may have obligated the land owner to pay the brokerage commission to Carter Realty, the money allegedly due Roper Bros. is under the oral cooperation agreement between the parties to this action and there was no express agreement as to where that money was to be paid when due.
The venue of a cause of action for breach of contract is in the county where the cause of action accrued.[1] The cause of action for breach of contract accrues where the alleged breach occurs. The breach occurs where the defendant fails to perform the covenant allegedly breached. Where the alleged breach is a failure of a defendant to pay money due under the contract the breach occurs where the defendant was obligated to pay and deliver the money. Money due under a contract creates a debtor-creditor relationship between the parties. *1031 If no place of payment is agreed on, the debtor must seek the creditor and the money due is deemed payable at the creditor's residence or office where it transacts its customary business. See Saf-T-Clean, Inc. v. Martin-Marietta Corp., 197 So.2d 8 (Fla. 1967); Williams v. Aeroland Oil Company, 155 Fla. 114, 20 So.2d 346 (1944); Baruch v. W.B. Haggerty, Inc., 137 Fla. 799, 188 So. 797 (1939); Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983); Excel Ins. Co. v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981). See also Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981); Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980), review denied 392 So.2d 1378 (Fla. 1980).
Carter Realty cites St. Laurent v. Resort Marketing Assoc., Inc., 399 So.2d 362 (Fla. 2d DCA 1981), and Knowles v. Imperial Lumber Company, Inc., 238 So.2d 487 (Fla. 2d DCA 1970). The breach in St. Laurent allegedly occurred when the defendant renounced a partially completed service contract by ordering the plaintiff's employees to cease performing under the contract. That action sought damages for loss of future profit and recovery of commissions and other sums due on sales already completed. In St. Laurent the agreement provided a place of payment for the money owed, and therefore is distinguishable from the instant case. In Knowles the defendant general contractor did not breach an agreement to pay money due the plaintiff materialman, who was a material supplier to a subcontractor. The defendant general contractor allegedly breached an agreement with the materialman plaintiff to make progress payments due the subcontractor on the subcontract, by checks payable jointly to the subcontractor and the plaintiff materialman. That alleged breach occurred when and where the general contractor made and delivered the progress payment checks to the subcontractor alone.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] See § 47.011, Fla. Stat.