SHARP, Judge.
Valiant Air Command, Inc. appeals from a non-final order[1] denying its motion to abate or to transfer the litigation of the suit from Volusia County to Brevard County. Valiant is a Florida corporation with its business office in Brevard County, Florida. Collins is a resident of Maryland who was employed by Valiant to work in Dayto-na Beach, in Volusia County, Florida. We affirm.
The record in this case establishes that Valiant entered into a contract with Collins and his sole proprietorship as a professional fund raiser for a term of twenty-five weeks. Collins was given a temporary office in Daytona Beach and was expected to solicit funds throughout Florida from that location. The contract provided Collins would be paid $6,000.00 on January 2, 1985 and additional similar sums at approximately each four week interval thereafter. If Valiant terminated the contract prematurely, it nevertheless guaranteed Collins payment of the full amount of the contract ($37,500.00).
Collins alleged he received the first payment on January 2, 1984, and he began work in Daytona under the contract. However, he was allegedly wrongfully discharged on January 12th and he received no further payments. This suit was filed in Volusia County to recover the other sums due under the contract.
The contract does not specify where the funds earned under the contract are to be paid. However, the presumption m such cases is that the debtor (Valiant) must seek the creditor (Collins), and the money is due at the creditor’s office where it transacts its business. Carter Realty Co. v. Roper Brothers Land Co., 461 So.2d 1029 (Fla. 5th DCA 1985). Failure to pay under the contract constitutes a breach, and establishes venue for purposes of accrual of the cause of action in the county where the creditor’s office is located.[2]
Here, the temporary nature of Collins’ office in Daytona is not a material distinction because he was performing the contract which is the subject matter of this suit in Volusia County, and his office for performance of the contract was in Volu-sia. Presumably, the payments under this contract were due at Collins’ office in Volu-sia. Therefore Valiant’s alleged breach due to the failure to pay them occurred in Volusia.[3]
AFFIRMED.
UPCHURCH, C.J., and COBB, J., concur.

. Fla.R.App.P. 9.130(a)(3)(A).

. Cf. Carter Realty Co. v. Roper Brothers Land Co., 461 So.2d 1029 (Fla. 5th DCA 1985); § 47.051, Fla.Stat. (1985).

. We think Okeechobee Co. v. Rambo, 138 So. 716 (Fla.1931) is distinguishable. In that case the court ruled venue improper in the county where a domestic corporation had its temporary office rather than the county where it maintained its principal place of business. Venue in that case turned on the statutory provision allowing suit where a domestic corporation "shall have or usually keep an office for the transaction of its customary business...." In this case, venue turns on "where the cause of action accrued." § 47.051, Fla.Stat. (1985).