THREADGILL, Judge.
This appeal challenges an order denying the defendant’s motion to transfer venue to Lake County, Florida. We affirm.
Appellee (Taylor Woodrow) filed a complaint for breach of contract against Appellant (Williams) in the circuit court for Hills-borough County. The complaint alleges that Williams submitted by telephone a bid for the supply of fabricated steel to Taylor Woodrow. The steel was to be delivered to the job site in Hillsborough County, F.O.B. Tampa, Florida. Taylor Woodrow used this bid to formulate its own bid as contractor to the Hillsborough County Aviation Authority. After Taylor Woodrow was awarded its contract, a dispute arose regarding the price and quantity of steel to be supplied by Williams. On June 6, 1986, by telephone from its Lake County office, Williams notified Taylor Woodrow that it would not deliver the steel. Taylor Woodrow subsequently subcontracted for the steel with a third party and filed this suit against Williams.
On October 21, 1986, Williams filed a motion to transfer venue to Lake County, Florida. After hearing, the court denied the motion. Williams filed this appeal.
The applicable venue statute is section 47.051, Florida Statutes (1985) which reads in pertinent part:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
It is undisputed that Williams has its only place of business in Lake County. There was no property in litigation. Therefore, if venue is proper in Hillsborough County, the cause of action had to have accrued in Hillsborough County.
Relying on Perry Building Systems Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978), Williams argues that venue should be in Lake County, because it repudiated the contract by phone from Lake County. In Perry, the plaintiff, sued the defendant, a resident of Palm Beach County, alleging breach of a contract, to furnish mobile homes to the plaintiff in Putnam County. The defendant wrote a letter in Palm Beach County cancelling the contract and mailed it to the plaintiff located in Putnam County. The court held that the renunciation occurred when the letter can-celling the agreement was written in Palm Beach County.
*358 In determining venue in a breach of contract involving failure to deliver goods or to perform services, courts have held that the cause of action accrues where performance is to take place. See Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA), cert, denied, 392 So.2d 1378 (Fla.1980); American Fidelity Fire Insurance Co. v. Allied General Contractors, Inc., 365 So.2d 442 (Fla. 3d DCA 1978); Excel Insurance Co. v. Brown, 406 So.2d 534, 535 (Fla. 5th DCA 1981); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970). Consistent with this general rule, this court held in Speedling, Inc. v. Krig, 378 So.2d 57, 58 (Fla. 2d DCA 1979) that:
A cause of action on a contract accrues for venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do.
We recently reaffirmed this principle in Tropicana Products, Inc. v. Shirley, 501 So.2d 1373 (Fla.2d DCA 1987), holding that the cause of action accrued where delivery was to have occurred.
In the present case the place of performance was Hillsborough County where Williams agreed to deliver the materials. We, therefore, adhere to the line of cases holding that in actions for breach of contract concerning delivery of goods, venue lies in the county where the goods are to be delivered. In so holding, we acknowledge conflict with Perry..
Accordingly, the order is affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.