611 So.2d 31 (1992)
L.D. BRADLEY, Appellant,
v.
Thomas W. WALDROP and Idwal H. Owen, Jr., Appellees.
No. 92-230.
District Court of Appeal of Florida, First District.
December 22, 1992.
John Paul Howard, Jacksonville, for appellant.
Douglas Edward Daze of Ceballos, Shorstein, Kelly & Daze, P.A., Jacksonville, for appellees.
SMITH, Judge.
Appellant, a surveyor, seeks reversal of a final judgment in suit brought by him to collect damages resulting from the failure of Waldrop and Owen, appellees, to pay for surveying of appellees' property. Because we agree with the appellant that the lower court erred in finding no agency relationship existed, we reverse.
*32 In the summer of 1988, Forrest Boone, a real estate developer, hired the appellant to survey appellees' jointly-owned property for the purpose of subdividing the property and selling the resulting subdivision lots. The property in question is across the street from appellee Waldrop's business, and the surveying crew could have been observed by Waldrop. Waldrop was equivocal, however, in his testimony about whether he actually saw the survey work which was performed over a period of days. Waldrop did admit to seeing "for sale" signs which had been placed on the property by a real estate agent hired by Boone.
It is not disputed that appellees hired Forrest Boone to assist them in selling the parcel of property at issue. It is also undisputed that Boone and appellee Owen sketched a rough-hand drawing on an aerial photograph of how the parcel was to be subdivided, and that Boone delivered this sketch to the appellant. It is also undisputed that Boone had handled real property for appellee Waldrop on at least one prior occasion, and that Boone had previously hired the appellant to perform the necessary surveying work.
As of the time of trial, only one lot, number three, had been sold. Boone had selected the real estate agent who made the sale, set the price for the lot, and had witnessed the deed. The lot survey used at closing was based upon the subdivision survey done by appellee at issue in the instant case.
After several unsuccessful attempts to collect payment from Boone for the cost of this survey work, appellant sought payment from Waldrop. After that also proved to be unsuccessful, appellant filed suit against the appellees alleging, in broad terms, that appellees were liable for the surveying costs because these costs were incurred by their agent, Boone. Appellees defended the claim by maintaining that Boone was not their agent and thus did not have the authority to hire appellant.
Following a non-jury trial, the lower court entered a final judgment in appellees' favor finding, essentially, that appellant failed to prove an agency relationship between appellees and Boone. This appeal followed.
An appellate court is bound by a trial court's resolution of conflicting evidence unless the trial court's finding of fact is not supported by competent and substantial evidence. However, a finding of fact based upon the trial court's acceptance of one version of undisputed evidence is subject to review by the clearly erroneous standard. In Holland v. Gross, 89 So.2d 255, 258 (Fla. 1956), it was stated: "[a] finding which rests on conclusions drawn from undisputed evidence, rather than on conflicts in the testimony, does not carry with it the same conclusiveness as a finding resting on probative disputed facts, but is rather in the nature of a legal conclusion." Because the case at bar is one where the ultimate finding of fact rests upon conclusions drawn from undisputed evidence, we are guided by the foregoing principles in the resolution of this appeal.
As noted above, it is undisputed that Boone was hired by the appellees to sell the property, which first was to be subdivided into lots. Both appellees testified that Boone was not given specific instructions; rather, Boone was told to sell the property "any way he could." We find, in view of the authority given by appellees to Boone, considered in the light of Boone's prior experience with Waldrop and Boone's actual control over the sale of the property, that Boone had implied authority to contract for appellant's surveying services in appellees' behalf. Boone was directed to sell, as subdivision lots, property which had not yet been subdivided. Further, it is clear that Boone enjoyed virtual "carte blanche" authority over the property, as evidenced by the fact that he listed the property with a real estate agent, set the price, and witnessed the deed at the closing of lot three, which was sold utilizing the subdivision survey done by appellant.
It is well-established that an agent's authority may be inferred from acts, conduct and other circumstances. Rushing v. Garrett, 375 So.2d 903 (Fla. 1st DCA 1979); Sapp v. City of Tallahassee, *33 348 So.2d 363 (Fla. 1st DCA 1977). Further, an agency relationship may be found even though the principal and the agent deny the existence of such a relationship. Cleveland Compania Maritima, S.A. Panama v. Logothetis, 378 So.2d 1336 (Fla. 2d DCA 1980). While appellees have argued that they never specifically authorized Boone to hire a surveyor, such an argument does not merit an affirmance since a principal may be held liable for the acts of his agent, even though the acts were not authorized, if the agent was acting within the scope of his employment or apparent authority, Burnett v. Brito, 478 So.2d 845 (Fla. 3d DCA 1985). On the facts presented, we conclude that the trial court erred in denying recovery by appellant.
The final judgment is REVERSED and the cause is REMANDED with directions that the trial court enter judgment in favor of the appellant.
REVERSED.
SHIVERS and KAHN, JJ., concur.