660 So.2d 384 (1995)
SUZANNE WALKER & ASSOCIATES, INC., Appellant,
v.
QUALTEC QUALITY SERVICES, INC., Appellee.
No. 94-2847.
District Court of Appeal of Florida, Fifth District.
September 15, 1995.
N. James Turner, of N. James Turner, P.A., Orlando, for appellant.
Robert B. Sendler, North Palm Beach, for appellee.
HARRIS, Judge.
The issue on appeal is whether the trial court erred in granting the defendant's motion to transfer venue.
Suzanne Walker & Associates, Inc. (Walker) and Qualtec Quality Services, Inc. (Qualtec) entered into a contract in which Qualtec retained Walker to perform consulting services at Walker's offices located in Seminole County. Allegedly pursuant to the contract, Qualtec notified Walker that it was exercising its right to terminate the contract because of unsatisfactory performance in that Walker had failed to generate the minimum sales revenues that had been promised and had performed services in an unprofessional manner by preparing documents in such careless fashion that they required continual review and rewriting by Qualtec.
Walker sued Qualtec in Seminole County for breach of contract, alleging that Qualtec wrongfully terminated Walker because the allegations of the termination letter were false. Qualtec filed a motion to dismiss *385 and/or transfer venue in which it stated that it maintains no offices in Seminole County for the transaction of its customary business and has its only office in Palm Beach County. Qualtec also stated that the action did not accrue in Seminole County as it was an action alleging breach of a contract that was entered into in Palm Beach County and all invoices for payment of services rendered were to be sent to Qualtec's Palm Beach office. Therefore, Qualtec contended that Seminole County was an inappropriate venue for the case.
Ultimately, the trial court granted Qualtec's motion and transferred venue to Palm Beach County. We reverse.
Section 47.051, Florida Statutes (1993), provides in part:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
In the instant case, because there is no property in litigation and the defendant, Qualtec, was not sued in a county where it has an office, the determinative question to be answered here is: "Where did the cause of action accrue?"
The general rule is that a cause of action for breach of contract accrues, for venue purposes, in the county where the breach occurred. Carter Realty Co. v. Roper Bros. Land Co., Inc., 461 So.2d 1029 (Fla. 5th DCA 1985). Where the alleged breach lies in the defendant's act of renouncing and refusing to further recognize a partially completed contract, the cause of action accrues and venue is proper where the contract was to be performed. Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966). See also St. Laurent v. Resort Marketing Associates, Inc., 399 So.2d 362 (Fla. 2d DCA 1981) (interpreting Mendez as holding that, if alleged breach is renunciation of partially completed contract, cause of action accrues where renunciation occurred).
The instant complaint alleges wrongful repudiation or renunciation of a contract, and therefore Mendez and St. Laurent apply. According to Mendez, venue is proper where Walker's services were performed. Walker states in both its complaint and affidavit in opposition to Qualtec's motion to transfer venue that the services contemplated by the contract were performed in Seminole County. These statements were uncontroverted, and therefore, based on Mendez, venue was proper in Seminole County. Further, according to St. Laurent, venue is proper where the renunciation or termination of the contract occurred. Qualtec's termination letter was addressed to Walker's office in Winter Springs, Seminole County. Based on St. Laurent, then, venue was proper in that county.
Although section 47.051, Florida Statutes (1993), recognizes that venue would also be proper in the county in which the defendant maintains an office, the choice of venue in the first instance lies with the plaintiff. Magee v. Liberty Mutual Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977). Assuming the complaint does not show on its face that venue is lacking, the burden of proof is on the defendant to demonstrate that the venue chosen is improper. Id. Qualtec failed to meet this burden, and the trial court erred in granting the motion to transfer venue to Palm Beach County.
REVERSED and REMANDED for further action consistent with this opinion.
PETERSON, C.J., and COBB, J., concur.