696 So.2d 393 (1997)
Roger KUMAR, d/b/a Safety Harbor Resort and Spa, Appellant,
v.
EMBASSY KOSHER TOURS, INC., Appellee.
No. 96-3274.
District Court of Appeal of Florida, Third District.
June 11, 1997.
Rehearing Denied July 23, 1997.
Pavese, Garner, Haverfield, Dalton, Harrison & Jensen and G. Gordon Harrison, Fort Myers; Robert L. Donald, Fort Myers, for appellant.
Sakowitz & Sakowitz and Theodore J. Sakowitz, Bay Harbor Island, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
The appellant is the operator of a Pinellas County hotel and resort which agreed with the appellee Embassy Kosher Tours, Inc., a Dade County corporation, to accommodate its customers for the Passover holidays over a period of five years. When the first year proved unsatisfactory to the hotel, however, it anticipatorily breached the agreement by giving notice, in a letter written from the hotel to Embassy in North Miami Beach, that it would no longer adhere to it. See Hospital Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181 (Fla.1982). Embassy sued the hotel for breach of contract in the Dade County circuit court, whereupon the defendant moved to transfer for improper venue. The trial court denied the motion on the ground that the cause of action had "accrued" here, thus satisfying the pertinent venue statutes, sections 47.011 and.051, Florida Statutes (1995).[1] We reverse.
The appellant invites us to discuss and definitively resolve an apparent conflict in Florida and elsewhere as to whether an action based upon an anticipatory breach of contract "accrues" where the repudiation takes place, Perry Bldg. Sys., Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978)(action for anticipatory breach accrues at place of repudiation); D'Amato v. Feldman Printing Group, Inc., 519 So.2d 742 (Fla. 3d DCA 1988) (same; citing Perry, 361 So.2d at 443); St. Laurent v. Resort Marketing Assocs., 399 So.2d 362 (Fla. 2d DCA 1981)(same), oras it contendsonly where the agreement was to be performed. Williams Steel Indust. v. Taylor Woodrow *394 Constr. Corp., 510 So.2d 357 (Fla. 2d DCA 1987)(disagreeing with Perry, holding that breach of contract accrues at place of performance regardless of where repudiation took place); Gardner Eng'g Corp. v. Page Eng'g Co., 484 F.2d 27 (8th Cir.1973)(same). For two reasons, it is inappropriate for us to do so. First, this court seems already to have adopted the place of repudiation, as opposed to the place of performance, rule in D'Amato, 519 So.2d at 743. Second, and perhaps more important, the exercise is unnecessary because both approaches yield the same result: the claim did not "accrue" in Dade County. Obviously, the agreement was to be performed, not in Dade, but in Pinellas County. See Williams, 510 So.2d at 357. Likewise, an anticipatory breach is deemed to "accrue", if at all, in the countyhere, apparently also Pinellas[2]from which the "breachor" transmits the repudiation, rather than where the "breachee" receives itin this case, Dade. Perry, 361 So.2d at 443; Auglaize Box Board Co. v. Kansas City Fibre Box Co., 35 F.2d 822 (6th Cir.1929), cert. denied, 281 U.S. 730, 50 S.Ct. 247, 74 L.Ed. 1147 (1930); Moyglare Stud Farm, Ltd. v. Due Process Stable, Inc., 562 F.Supp. 289 (S.D.N.Y.1983); Jhirmack Enters., Inc. v. Superior Court, 96 Cal. App.3d 715, 158 Cal.Rptr. 192 (1979); Wester v. Casein Co., 206 N.Y. 506, 100 N.E. 488 (1912); 17A Am.Jur.2d Contracts § 739 (1991). But cf. Suzanne Walker & Assocs. v. Qualtec Quality Servs., Inc., 660 So.2d 384 (Fla. 5th DCA 1995)(dictum indicating that claim accrues in county in which repudiation is received). Because the action is thus properly viewed in either event as not having accrued in Dade County, the trial judge erred in denying the motion to transfer the case.
Reversed.
NOTES
[1] 47.011 Where actions may be begun.Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents. [e.s.]

47.051 Actions against corporations.Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. [e.s.]
[2] Because the letter mailed from Pinellas County was appended to the complaint and so clearly constitutes a refusal to perform, weunlike the partiesascribe no significance to a telephone conversation to the same effect which apparently took place prior to the letter itself. It is thus unnecessary to resolve the disputed issue of where the appellant was on his car phone when he spoke to the Embassy owner at his office in North Miami Beach. In any case, it strikes us as ridiculous to make anything turn on the precise location of Kumar's car when he gave Embassy the bad news. (Come to think of it, the possibility that applying the place of repudiation rule might, in some instances, do just that is a very good reason for adopting the place of performance rule instead).