SCHWARTZ, Chief Judge.
Because it is obvious that at least some damages were sustained in that county, we agree with the trial court that this claim for malicious prosecution of a civil action accrued for venue purposes in Orange County where that action was filed, see §§ 47.011, 47.051, Fla. Stat. (1995)[1]; 92 C.J.S. Venue § 19 n. 35 (1955); 77 Am.Jur.2d Venue § 39 (1997); see Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984); E.J. Sales & Serv., Inc. v. Southeast First Nat’l Bank, 415 So.2d 906 (Fla. 3d DCA 1982); see generally Kumar v. Embassy Kosher Tours, Inc., 696 So.2d 393 (Fla. 3d DCA 1997); Tucker v. Fianson, 484 So.2d 1370 (Fla. 3d DCA 1986), review denied, 494 So.2d 1153 (Fla.1986), even though other injuries may have been subsequently *1379 incurred in Dade County where the present plaintiffs, then-defendants, reside. See Gaboury v. Flagler Hosp., Inc., 316 So.2d 642 (Fla. 4th DCA 1975). Since none of the present defendants, then-plaintiffs, reside in Dade County, there is no basis for fixing venue here. The order under review transferring the instant case to Orange County is therefore
Affirmed.

. 47.011 Where actions may be begun. — Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents, [emphasis supplied].
47.051 Actions against corporations. — Actions against domestic coiporations shall be brought only in the counly where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located .... [emphasis supplied].