706 So.2d 374 (1998)
SAGAZ INDUSTRIES, INC., Appellant,
v.
Richard G. MARTIN, Appellee.
No. 97-926.
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
*375 Andrew C. Hall and Douglas M. Horn of Andrew Hall and Associates, P.A., Miami, for Appellant.
Richard W. Hennings of Richard W. Hennings, P.A., Tavares, for Appellee.
W. SHARP, Judge.
Sagaz Industries, Inc., a Florida corporation, appeals from an order of a Lake County trial judge, which denied its motion to dismiss the lawsuit because of improper venue.[1] Sagaz has no offices in Lake County, and its principal place of business is in Dade County. Appellee, Martin, is a resident of Lake County, and was employed as president of Sagaz pursuant to a contract entered into by the parties on October 1, 1996. The essence of the lawsuit filed against Sagaz by Martin is Sagaz's failure to pay him $204,162.00 in severance pay allegedly due him under the employment contract, if his termination was without cause. We affirm.
Section 47.051 provides:
Actions against corporations.Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the action accrued, or where the property in litigation is located. (emphasis supplied).
Since no property is involved in this case and Sagaz has no office in Lake County, venue is proper in Lake County only if the cause of action accrued there.
Sagaz argues that the suit is for breach of contract and that the cause of action accrues where the breach occurred. Suzanne Walker & Associates, Inc. v. Qualtec Quality Services, Inc., 660 So.2d 384, 385 (Fla. 5th DCA 1995); Forms and Surfaces, Inc. v. Welbro Constructors, Inc., 627 So.2d 594, 595 (Fla. 5th DCA 1993); Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981). A breach is said to have occurred where the failure of performance occurred. Vital Industries, Inc. v. Burch, 423 So.2d 1023 (Fla. 4th DCA 1982); Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979). Further, where the breach lies in the act of renouncing and refusing to further *376 recognize a partially completed contract, the cause of action accrues and venue is proper where the contract was to be performed. Suzanne Walker at 385.
Sagaz cites Precision Software, Inc. v. Gauthier, 605 So.2d 592 (Fla. 2d DCA 1992), as controlling. In Precision, a terminated vice president sued for severance pay. The corporation was located and did business in Pinellas County, but the employee brought suit in Hillsborough County for breach of the employment contract. The court ruled that the venue rules, as they apply to debtor/creditor relationships are inapplicable to breach of employment agreements. Only where the promise sued on is the covenant to pay money creating a debtor/creditor relationship would venue be proper in the employee's county of residence, if that county is different from the corporate offices and the place the contract was to be performed. In Precision, the severance provision was a condition of the employee's employment with the employer, and thus the court reasoned that the cause of action was a breach of contract action, not a suit on a debt. Further, Precision had always issued the employee his salary in Pinellas County, where the employee also worked. The court concluded:
Since the severance provision itself indicates that Gauthier is simply to continue receiving his salary for a period of one year following termination, we can conclude that if Precision has indeed failed to perform in this instance, it has done so by refusing to issue further payment to Gautheir from its place of business in Pinellas County.
605 So.2d at 594.
In this case, the record establishes that Martin performed his employment duties under the contract in Dade County. He was terminated on November 4, 1996, in Dade County, and Sagaz paid him accrued base pay and benefits by direct deposit, to his bank in Lake County. Martin returned to Lake County after his dismissal and his attorney wrote Sagaz, demanding Martin's severance pay under the contract. If Martin was terminated without cause, he was entitled to severance pay under the contract. Sagaz responded by letter dated November 27th, claiming Martin had been terminated for causeembezzlement, misappropriation and unsatisfactory job performanceand thus was due no additional payment from Sagaz.
This is a close question, but we agree with the trial judge that in this case, the essence of Martin's claim is Sagaz' failure to pay for his services, and not the performance of services. A breach in the former situation occurs where the payment for services should have been made. Although the contract itself in this case does not provide where payment was to have been made, in fact payments under the contract were made to Martin in Lake County. Further, the venue for a cause of action for failure to pay money due under a contract is deemed payable at the creditor's residence, in this case Lake County. See Valiant Air Command, Inc. v. Frank K. Collins & Associates, 500 So.2d 577 (Fla. 5th DCA 1986); Carter Realty Co. v. Roper Bros. Land Co., Inc., 461 So.2d 1029 (Fla. 5th DCA 1985).
AFFIRMED.
THOMPSON, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] A denial of a motion to dismiss relating to venue is a nonfinal appealable order. Haws & Garrett General Contractors, Inc. of Fort Worth v. Panhandle Custom Decorators & Supply, Inc., 500 So.2d 204 (Fla. 1st DCA 1986).