708 So.2d 1018 (1998)
INSTRUMENTATION SERVICES, INC., a Florida corporation, Appellant,
v.
DATA MANAGEMENT ASSOCIATES, INC., Shalloway, Foy, Fayman & Newell, Inc., and Gary L. Moyer, P.A., Appellees.
No. 97-3673.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
Rehearing Denied May 4, 1998.
*1019 T. Todd Pittenger of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellant.
Doak S. Campbell, III, Delray Beach, for appellees.
PER CURIAM.
We affirm an order denying Defendant's motion for change in venue. Plaintiffs sued in Palm Beach County for breach of contract. Defendant is a Florida corporation with its office in Orange County. Two of the plaintiffs are Florida corporations with their main offices in Palm Beach County, one is a corporation with an office in Broward County. Under the contract, Plaintiffs were to provide services in Broward. Defendant moved to transfer venue, alleging that the cause of action accrued (if at all) when Defendant mailed a letter from North Carolina stating its intention not to make any further payments to Plaintiffs pursuant to their contract. The letter was sent to the president of Data Management in Palm Beach County. The payments under the contract were due in Palm Beach County.
The standard of review for an order on a motion to transfer or dismiss for improper venue is abuse of discretion. Air South, Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). In accordance with section 47.011, Florida Statutes (1995), Plaintiffs could have brought their action in any county where Defendant resides, where the cause of action accrued, or where the property subject to the litigation is located. The trial court relied on Suzanne Walker & Associates, Inc. v. Qualtec Quality Services, Inc., 660 So.2d 384 (Fla. 5th DCA 1995), in concluding that the repudiation occurred at the address where the letter was received. Qualtec held that in instances where contract repudiation is by mail, venue may be at the addressee's location.
We note that in Mendez v. George Hunt, Inc., 191 So.2d 480, 481 (Fla. 4th DCA 1966), this court explained that venue for a breach of contract action depends upon the nature of the breach which forms the gravamen of the particular cause and the theory pursued by the claimant. In Mendez, the court found that the suit was founded in the repudiation of a partially completed contract and that the cause of action accrued where the act of repudiation occurred. See also St. Laurent v. Resort Mktg. Assocs., Inc., 399 So.2d 362 (Fla. 2d DCA 1981).
The motion also sought a transfer on grounds of forum non conveniens. Defendant asserts that the documents relating to the action are kept in Orange County, that the three corporate representatives who have knowledge of the facts are located there, and that the most significant events, witnesses, and evidence relative to this dispute are located outside of Palm Beach County. However, some of the persons identified as potential witnesses are residents of Broward or Palm Beach counties. It is Defendant's burden to demonstrate that Plaintiffs' choice of forum would cause undue inconvenience. We cannot conclude on this record that the decision was an abuse of discretion. Hickman v. Sacino, 566 So.2d 903 (Fla. 4th DCA 1990).
STONE, C.J., and KLEIN and SHAHOOD, JJ., concur.