PER CURIAM.
The trial court’s order denying a change of venue from Broward County to Palm Beach County in this modification of child custody case is affirmed. Venue was proper in Broward County as the original final judgment was entered there. See § 61.13(2)(e), Fla. Stat. (2000). Other petitions in this case regarding child custody were filed and litigated in Broward County. Although the parents and children all now reside in south Palm Beach County, the father works in Broward County. While the mother claims that all of the witnesses are located in Palm Beach County, the record does not disclose how all of the listed witnesses would give relevant testimony to the issues to be litigated or how the witnesses would be substantially inconvenienced by attending the litigation in Broward County. See R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634 (Fla. 4th DCA 1998). On this record, we cannot conclude that the trial court abused its discretion. See Instrumentation Servs., Inc. v. Data Mgmt. Assocs., Inc., 708 So.2d 1018 (Fla. 4th DCA 1998).
Affirmed.
WARNER, C.J., FARMER and GROSS, JJ., concur.