802 So.2d 465 (2001)
NISSAN NORTH AMERICA, INC., and Zimmerman & Partners, Inc., Appellants,
v.
Richard J. VITALE, Appellee.
No. 2D01-961.
District Court of Appeal of Florida, Second District.
December 21, 2001.
*466 Eric D. Isicoff and Teresa Ragatz of Isicoff & Ragatz, P.A., Miami, for Appellants.
Scott H. Carter of Dunlap & Moran, P.A., Sarasota, for Appellee.
MOORE, CECELIA M., Associate Judge.
Nissan North America, Inc. (Nissan), and Zimmerman & Partners, Inc. (Zimmerman), appeal from the nonfinal order that denies their motion to transfer venue to Broward County. Because the record reveals no basis for finding jurisdiction in Sarasota County, we reverse.
Zimmerman is an advertising agency that specializes in creating multi-media advertising campaigns. All of the work relating to Zimmerman's advertising campaigns is performed in Broward County, Florida. In 1999 Zimmerman contemplated hiring the appellee, Richard J. Vitale, as the spokesperson in an advertising campaign for Zimmerman's client, Nissan. Vitale, a television analyst who does commercials for compensation, resides in Sarasota County, Florida.
In October and November 1999, Zimmerman contacted Vitale's agent at International Management Group (IMG) in New York about hiring Vitale. As a follow-up to Zimmerman's discussions with IMG, Zimmerman wrote to IMG, setting forth the preliminary terms of a contract. Following those discussions, however, the negotiations were terminated, and Zimmerman and IMG did not enter into a written contract as initially contemplated. In a letter dated November 30, 1999, Zimmerman advised IMG that the project had been tabled and that Vitale's services would not be needed.
On April 11, 2000, Vitale served the appellants with a four-count complaint alleging breach of contract, promissory estoppel, and fraudulent and negligent misrepresentation. The complaint alleges that venue is proper in Sarasota County. The appellants moved to dismiss the action *467 for improper venue. Following a hearing solely on the issue of venue, the trial court entered an order denying the appellants' motion to transfer venue. The appellants filed a timely notice of appeal.
Vitale's choice of venue is limited by section 47.051, Florida Statutes (1999), which provides:
47.051. Actions against corporations. Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
The first option under the statute is that a plaintiff may bring suit where a domestic corporation has an office or where a foreign corporation has an agent or representative. Zimmerman is a domestic corporation that has an office only in Broward County. Therefore, under this option, Vitale could bring suit in Broward County. Nissan is a foreign corporation that does not have an agent or representative in Sarasota County. Therefore, Sarasota County is not an alternative venue.
The second option is that the suit may be filed where the cause of action accrued. In the case of an anticipatory breach of contract, the cause of action accrues where the letter of repudiation was written. Kumar v. Embassy Kosher Tours, Inc., 696 So.2d 393 (Fla. 3d DCA 1997). Zimmerman wrote the letter of repudiation in Broward County. Thus, Broward County is where the cause of action accrued and where venue lies under this option.
The third option under the statute is that the suit may be filed where the property in litigation is located. There is no property in litigation in this case; therefore, this statutory provision does not apply.
"It is a plaintiffs prerogative to select venue, but the selection must be one of the alternatives provided by the statute." Air South, Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). As the appellants argue, the trial court erred in denying the motion to transfer venue because there is no legal basis under the statute to bring the suit in Sarasota County. Aside from the fact that Vitale resides in Sarasota County, this matter has no connection to Sarasota County.
Accordingly, we reverse the trial court's order and remand with instructions that this case be transferred to Broward County.
Reversed and remanded.
BLUE, C.J., and PARKER, J., concur.