931 So.2d 197 (2006)
BLACKHAWK QUARRY COMPANY OF FLORIDA, INC., Appellant,
v.
HEWITT CONTRACTING CO., INC., Appellee.
No. 5D05-3380.
District Court of Appeal of Florida, Fifth District.
June 9, 2006.
*198 John R. Young, of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for Appellant.
Kimberly A. Ashby, Akerman Senterfitt, Orlando, for Appellant.
Christopher V. Carlyle, Shannon McLin Carlyle and Gilbert S. Goshorn, Jr., of The Carlyle Appellate Law Firm, The Villages, for Appellee.
ORFINGER, J.
Blackhawk Quarry Company of Florida, Inc. appeals a non-final order denying its motion to change venue. We reverse.
Blackhawk and Hewitt Construction Company, Inc. entered into a series of written contracts under which Blackhawk agreed to provide and haul away roadbed material for a project that Hewitt had with the Florida Department of Transportation (FDOT) in Brevard County. Blackhawk delivered the roadbed materials to the FDOT job site in Brevard County, and hauled away other materials from Brevard County. During the term of the agreements, Blackhawk sent a letter to Hewitt's office in Lake County, informing Hewitt that it was closing its quarry operation, and, therefore, could no longer supply the contracted-for materials.
Hewitt sued Blackhawk in Lake County for breach of contract. Hewitt is a Florida corporation with its principal place of business in Lake County. Blackhawk is also a Florida corporation with its principal place of business is in Brevard County. In its complaint, Hewitt alleged that venue was proper in Lake County because the cause of action accrued when Blackhawk mailed a letter to Hewitt in Lake County, repudiating the contract.
In response, Blackhawk filed a motion to transfer venue to Brevard County. In support of its motion, Blackhawk alleged that the cause of action accrued, if at all, in Brevard County, where the roadbed material was delivered to, and accepted by, *199 Hewitt. Following a hearing, the trial court entered an order denying Blackhawk's motion to change venue, citing Suzanne Walker & Associates, Inc. v. Qualtec Quality Services, Inc., 660 So.2d 384 (Fla. 5th DCA 1995). This appeal followed.
Hewitt urges this Court to review the trial court's venue decision using an abuse of discretion standard, citing Instrumentation Services, Inc. v. Data Management Associates, 708 So.2d 1018 (Fla. 4th DCA 1998). The abuse of discretion standard applies if the trial court changed venue in a case from one proper location to another. Sch. Bd. of Osceola County v. State Bd. of Ed., 903 So.2d 963, 965 (Fla. 5th DCA 2005); Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). For instance, such a standard of review applies in cases where venue is changed for the convenience of the parties or where the court finds it necessary to change venue in order to ensure the right to a fair trial. See, e.g., Jensen v. State Farm Mut. Auto. Ins. Co., 781 So.2d 468, 469 (Fla. 5th DCA 2001); Mgmt. Computer Controls, Inc., 743 So.2d at 630; Tindall v. Smith, 601 So.2d 627, 627 (Fla. 2d DCA 1992). On the other hand, when a trial court considers a motion to transfer venue based on the plaintiff's erroneous venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum. To rule on such a motion, the trial court needs to resolve any relevant factual disputes and then make a legal decision whether the plaintiff's venue selection is legally supportable. A trial court's factual decisions in this context are reviewed to determine whether they are supported by competent, substantial evidence or whether they are clearly erroneous. PricewaterhouseCoopers LLP v. Cedar Res., Inc., 761 So.2d 1131, 1133 (Fla. 2d DCA 1999) (citing Holland v. Gross, 89 So.2d 255, 258 (Fla.1956); Bradley v. Waldrop, 611 So.2d 31, 32 (Fla. 1st DCA 1992)). The trial court's legal conclusions are reviewed de novo. Id.
In the instant case, there is no factual issue on appeal, as we assume Blackhawk mailed its letter terminating the contract to Hewitt's office in Lake County. Consequently, we review the trial court's legal decision de novo.
Venue is governed by section 47.011, Florida Statutes (2004), which provides, in pertinent part, that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." Additionally, since Blackhawk, the named defendant, is a domestic corporation, section 47.051, Florida Statutes (2004), must also be considered given that the statute specifically defines the scope of venue for actions against corporations. Under section 47.051, actions against Florida corporations "shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located."
The plaintiff has the option of selecting venue as long as the plaintiff's choice is supported by the statutes. See Nicholas v. Ross, 721 So.2d 1241, 1242 (Fla. 4th DCA 1998). To change venue, the defendant has the burden of showing that the venue selected by the plaintiff is improper. See Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc., 832 So.2d 233, 235 (Fla. 5th DCA 2002). Here, it is undisputed that there is no property involved in the instant litigation and that Blackhawk's office is located in Brevard County. Therefore, venue is only proper in Lake County if the cause of action accrued there.
Generally, a cause of action for breach of contract accrues, for venue purposes, *200 in the county where the breach occurred. Qualtec, 660 So.2d at 385; Carter Realty Co. v. Roper Bros. Land Co., Inc., 461 So.2d 1029, 1030 (Fla. 5th DCA 1985). A breach occurs where the failure of performance occurred. Sagaz Indus., Inc. v. Martin, 706 So.2d 374, 375 (Fla. 5th DCA 1998); Vital Indus., Inc. v. Burch, 423 So.2d 1023, 1023-24 (Fla. 4th DCA 1982); Speedling, Inc. v. Krig, 378 So.2d 57, 58 (Fla. 2d DCA 1979). Where the alleged breach lies in the defendant's act of renouncing and refusing to further recognize a partially completed contract, the cause of action accrues and venue is proper where the contract was to be performed. Sagaz Indus., Inc., 706 So.2d at 375-76. In this case, performance was to occur in Brevard County.
While acknowledging these general venue rules, Hewitt relies on our decision in Qualtec to defend the trial court's order. In that case, Walker and Qualtec entered into a contract in which Qualtec retained Walker "to perform consulting services at Walker's offices located in Seminole County." Qualtec, 660 So.2d at 384 (emphasis in original). Qualtec subsequently notified Walker by mail, received at Walker's Seminole County office, that it was terminating the contract because of Walker's unsatisfactory performance. Walker sued Qualtec in Seminole County for breach of contract. Qualtec moved to transfer venue because it maintained no office in Seminole County. In reversing the trial court's order transferring venue to Palm Beach County, this Court reiterated the general venue principles previously cited and concluded that when the alleged contractual breach involves repudiation, "the cause of action accrues and venue is proper where the contract is to be performed." Qualtec, 660 So.2d at 385. However, our opinion in Qualtec went on to say "according to St. Laurent [v. Resort Marketing Associates, Inc., 399 So.2d 362 (Fla. 2d DCA 1981)], venue is proper where the renunciation or termination of the contract occurred. Qualtec's termination letter was addressed to Walker's office in Winter Springs, Seminole County. Based on St. Laurent, then, venue was proper in that county." Id. Relying on that statement, Hewitt argues that venue properly lies in Lake County since Blackhawk mailed its letter repudiating the contract to Hewitt in Lake County. We believe that reliance is misplaced. As the third district court correctly observed in Kumar v. Embassy Kosher Tours, Inc., 696 So.2d 393 (Fla. 3d DCA 1997), that statement was dictum, and not an essential holding of the case. Additionally, Qualtec and St. Laurent, the cases upon which that statement is premised, both concerned personal service contracts, not the type of contract at issue here.[1]
The gravamen of Hewitt's claim was Blackhawk's alleged failure to perform under the contract. Since the alleged failure occurred in Brevard County, the cause of action accrued there. Accordingly, we reverse the order denying Blackhawk's motion for change of venue and remand this matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PALMER and MONACO, JJ., concur.
NOTES
[1] This holding is consistent with the first, second and third district courts. See Nissan N. Am., Inc. v. Vitale, 802 So.2d 465, 467 (Fla. 2d DCA 2001) (holding that in case of an anticipatory breach of contract, the cause of action accrues where the letter of repudiation was written); Kumar (same); Perry Bldg. Sys., Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978) (same).