# Third District Court of Appeal

## State of Florida

Opinion filed January 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0422
Lower Tribunal No. 18-30778
_____

**Buy and Sell Fitness, LLC,**
Appellant,

vs.

**Kervin Villalba,**
Appellee.

An appeal from a nonfinal order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

J. Muir & Associates, P.A. and Jacqueline C. Ledón, and Jane W. Muir, for appellant.

Giorgio L. Ramirez, P.A., and Giorgio L. Ramirez, for appellee.[1]

Before EMAS, C.J., and FERNANDEZ, and MILLER, JJ.

_____

[1] Appellee was precluded from filing an answer brief after failing to heed this court's order directing it to file same within a specified period of time.

MILLER, J.

Appellant, Buy and Sell Fitness, LLC, challenges a nonfinal order denying its motion to dismiss or, alternatively, transfer for improper venue. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(A). Discerning no error on the limited record before us, we affirm.

## BACKGROUND

Appellee, Kervin Villalba, filed suit against Buy and Sell, alleging claims for breach of contract, conversion, and unjust enrichment, in Miami-Dade County, Florida. The gravamen of the complaint was that, despite having received and retained payment, Buy and Sell failed to deliver several items of commercial grade fitness equipment to Villalba in Miami-Dade County, Florida. Appended to the operative complaint were a series of invoices and a packing slip. Each invoice reflected the following language: "[o]ut-of-state sale, exempt from sales tax," and the packing slip identified Sucargo, a corporation located in Miami-Dade as "consignee."

Through a non-verified motion, Buy and Sell sought dismissal of the action, or, in the alternative, transfer to Seminole County, Florida. In support of its motion, Buy and Sell relied upon its domicile in Seminole, along with the contention it was not obligated to perform in Miami-Dade because the parties stipulated to out of state

2

delivery. After convening a hearing, the lower tribunal denied relief. The instant appeal ensued.

## LEGAL ANALYSIS

It is the prerogative of a plaintiff to select venue, and the defendant shoulders the burden of proving the selection was improper. See Fla. Gamco, Inc. v. Fontaine, 68 So. 3d 923, 928 (Fla. 4th DCA 2011); Chrysler Credit Corp. v. Laliberty, 506 So. 2d 67, 68 (Fla. 1st DCA 1987). Nonetheless, the designated venue must fall within the acceptable statutory alternatives. Hartford Fire Ins. Co. v. Smith, 203 So. 3d 1013, 1015 (Fla. 4th DCA 2016) (quoting Intercapital Funding Corp. v. Gisclair, 683 So. 2d 530, 532 (Fla. 4th DCA 1996)).

Section 47.011, Florida Statutes, provides a civil action "shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." Section 47.041, Florida Statutes, further allows:

> [a]ctions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.

Here, Villalba has asserted a claim for breach of contract. Under Florida law, "[v]enue for a breach of contract claim accrues in the county where the breach occurs." Air S., Inc. v. Spaziano, 547 So. 2d 314, 315 (Fla. 4th DCA 1989) (citing Carter Realty Co. v. Roper Brothers Land Co., Inc., 461 So. 2d 1029 (Fla. 5th DCA

3

1985)).  Consequently, "in actions for breach of contract concerning delivery of goods, venue lies in the county where the goods are to be delivered." Williams Steel Indus., Inc. v. Taylor Woodrow Constr. Corp., 510 So. 2d 357, 358 (Fla. 2d DCA 1987).

The instant complaint alleges the fitness equipment was to be delivered to a specified location in Miami-Dade County.  Accordingly, Villalba adequately pled facts to support his selected venue.  See Pier Point Devs., L.L.C. v. Whitelaw, 912 So. 2d 18, 20 (Fla. 4th DCA 2005) ("[T]he proper place of venue in relation to the breach of contract claim turns on the place of delivery.") (citation omitted); A & M Eng'g Plastics, Inc. v. Energy Saving Tech. Co., 455 So. 2d 1124, 1125-26 (Fla. 4th DCA 1984) (As "delivery was to be complete in the seller's county; therefore the failure to perform was in the seller's county.  Pinellas County is where the breach occurred, and the cause of action accrued.").

Relying upon the transactional documents attached to the complaint, however, Buy and Sell invites us to extrapolate that it was charged with delivering the equipment overseas.  See Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading must be considered a part thereof for all purposes.  Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any motion.").  We agree with the proposition that the omission of sales tax from the invoices suggests the goods were irrevocably committed to

4

exportation. See Fla. Admin. Code R. 12A-1.0015(2)(b) ("When a dealer sells tangible personal property, commits the property to the exportation process at the time of sale, and the exportation process remains continuous and unbroken until the property is exported from Florida, the dealer is not required to collect tax."); 54 Fla. Jur. 2d Taxation § 2888 (2020) ("[W]here merchandise is produced in Florida for customers in other states, the sale of the merchandise is not subject to the sales tax even though title passes at the seller's facility in Florida where the merchandise is committed to the exportation process at the time of sale."). However, this is not the sole factor that informs our analysis.

Here, the parties expressly designated Sucargo as "consignee" on the packing slip. Under the Uniform Commercial Code, as adopted and codified in chapter 677, Florida Statutes, consignee is defined as that "person named in a bill of lading to which or to whose order the bill promises delivery." § 677.102(1)(c), Fla. Stat. Applying that definition in the instant context, it is equally plausible that although the equipment was ultimately destined for exportation, Buy and Sell agreed to deliver the goods to Surcargo at its Miami-Dade address. Hence, the attachment does not facially offend the well-pled allegations of venue. See Greenwald v. Triple D. Props., Inc., 424 So. 2d 185, 187 (Fla. 4th DCA 1983) ("When there is an inconsistency between the general allegations of material fact in the complaint and

5

the specific facts revealed by the exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable.") (citation omitted).

Accordingly, and given that the record before us is entirely devoid of affidavits, other sworn testimony, or a transcript of the hearing below, we discern no demonstration of error and affirm. See Westshore Glass Corp. v. Hack Indus., Inc., 522 So. 2d 1046, 1047 (Fla. 2d DCA 1988) ("Assuming the complaint does not affirmatively show that venue is lacking, the burden of pleading and proving improper venue is upon the defendants. The allegations of the unsworn motion to dismiss or to transfer were never established by sworn proof before the trial court.") (citation omitted).

Affirmed.

6