WIGGINTON, Judge.
This interlocutory appeal submits for our review an order of the trial court denying appellant’s motion to transfer this cause *364 from Putnam County where it is instituted and where appellee-plaintiff resides to Palm Beach County where appellant-defendant resides. The sole question involved herein is one of venue.
This action is one in bastardy brought by the woman whose complaint alleges that appellant is the father of her unborn child. The action is brought in Putnam County pursuant to that provision of our statutes relating to bastardy proceedings which is as follows:
“The proceedings shall be by verified complaint filed in the circuit court of the county in which the woman resides or of the county in which the alleged father resides. The complaint shall aver sufficient facts charging the paternity of the child. Process directed to the defendant shall issue forthwith requiring the defendant to file his written defenses to the complaint in the same manner as suits in chancery. Upon application and proof under oath, the court may issue a writ of ne exeat against the defendant on such terms and conditions and conditioned upon bond in such amount as the court may determine.” [1]
The foregoing statute was construed by the Second District Court of Appeal in Paulet v. Hickey[2] where the identical question as that raised in the case sub jud-ice was decided. In its interpretation of the statute, the court held:
“ . . . The appellant contends that this being a transitory action, Section 46.01, Florida Statutes 1965, F.S.A., controls, and he has a right to have the action brought in the county where he resides.
“On the other hand, the appellee contends that under Chapter 742, Florida Statutes 1965, F.S.A., she may bring this action in the county of her residence, she having the choice within the confines of said statute where said action should be brought. Greyhound Corp. v. Rosart, Fla.App.1960, 124 So.2d 708; Atlantic Coast Line Railroad Company v. Ganey, Fla.App.1961, 125 So.2d 576. . . .
“It is the holding of this Court that Section 742.021, Florida Statutes 1965, F.S.A., controls and the institution of the suit by the mother in the county of her residence is proper. . . . ”
We agree with the Second District Court of Appeal that the provision of the bastardy statute relating to venue controls in actions of this kind, and the action may be brought by the woman in the county of her residence if she elects to do so. F.S. Section 47.011, F.S.A., the general venue statute applicable to civil actions, is not pertinent to this type of proceeding. The order appealed herein which denies appellant’s motion to transfer this cause to Palm Beach County, the place of his residence, is affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.

. F.S. § 742.021, F.S.A.

. Paulet v. Hickey, (Fla.App.1968) 206 So.2d 29, 30.