455 So.2d 1124 (1984)
A & M ENGINEERING PLASTICS, INC., a Florida Corporation, Appellant,
v.
ENERGY SAVING TECHNOLOGY CO., Appellee.
No. 84-714.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
*1125 William W. Wilhelm of Watts, Wilhelm and Stoutamire, Belleair, for appellant.
Thomas F. Panza of Panza & O'Donnell, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a non-final order denying a motion to transfer venue. We reverse and remand.
Appellant, a Florida corporation with its only office in Pinellas County, was asked to and did submit a quote on some plastic parts and moldings to appellee, also a Florida corporation, with its principal place of business in Broward County. Appellant made several shipments according to the contract, then informed appellee that a machinery breakdown would necessitate a temporary shutdown. In response, appellee filed suit for breach of contract in Broward County. Appellant moved to abate or transfer the cause to Pinellas County. The trial court took the motion under advisement pending taking of a deposition. The court then denied the motion, and appellant brings this appeal.
The issue is whether the trial judge erred in denying the motion to transfer venue. We conclude it did.
When a domestic corporation is sued, section 47.051, Florida Statutes (1983), provides for venue in the county where the defendant corporation keeps an office, where the cause of action accrued, or where litigated property is located. A plaintiff may select any of these three venue alternatives, and his choice will be honored. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443, 444 (Fla. 1st DCA 1978). In the instant case, the defendant corporation does not keep a Broward County office, nor is there litigated property in that county, so the only justification for laying venue in Broward County would be a finding that the cause of action accrued there.
A cause of action in contract actions is said to accrue in the county in which the breach occurs. E.g., Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981). Specifically, venue lies in the county where the covenant alleged to be breached was to have been performed. Id. In this case, the covenant allegedly breached was that of supplying certain plastic parts, but it is unclear where this covenant was to be performed. The written quotation contains the statement that "Prices are quoted F.O.B. Clearwater, Fl." The purchase order accepting the quotation contains no contrary term, nor is there any other evidence indicating a different arrangement. Where an agreement is expressed by forms, one of which contains a term that is neither rejected by the other form nor contradicted by any of its provisions, the term is generally considered incorporated. Cf. § 672.207, Fla. Stat. (1983). Given the above, the contract in question was to have been for shipment of the parts F.O.B. Clearwater. This means that the seller's delivery point was in Clearwater, and there the risk of loss passed to the buyer. J. White & R. Summers, Uniform Commercial Code § 3-5 (2d Ed. 1980).
A similar situation occurred in Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979), in which Speedling had contracted to supply seedlings to Krig under a contract providing "all prices f.o.b. production area." The court found there that because delivery was to occur at Speedling's place of business, the cause of action accrued there because Speedling failed to deliver there. Venue was therefore correct in Speedling's home county.
As in Speedling, in this case delivery was to be complete in the seller's county; *1126 therefore the failure to perform was in the seller's county. Pinellas County is where the breach occurred, and the cause of action accrued. Pinellas County is also the site of the seller's principal place of business, so venue was not appropriate in any place other than Pinellas County.
DOWNEY and HERSEY, JJ., concur.