627 So.2d 594 (1993)
FORMS AND SURFACES, INC., Appellant,
v.
WELBRO CONSTRUCTORS, INC., Etc., Appellee.
No. 93-877.
District Court of Appeal of Florida, Fifth District.
December 3, 1993.
Brian L. Fink and Stephen J. Kolski, Jr., of Catlin, Saxon, Tuttle and Evans, P.A., Miami, for appellant.
David K. Wittek and Donald F. Wright, of Wright, Fulford, Moorhead & Wittek, P.A., Orlando, for appellee.
GRIFFIN, Judge.
Forms and Surfaces, Inc., the defendant below ("Forms and Surfaces"), appeals a non-final order denying its motion to dismiss or to transfer for improper venue. The action is pending in Orange County.
Forms and Surfaces is a tile supplier with its principal place of business in Dade County, Florida. Welbro Constructors, Inc. ("Welbro"), the plaintiff below, is a general contractor with its principal place of business in Seminole County, Florida.
On October 1, 1990, pursuant to a purchase order, Forms and Surfaces agreed to sell Welbro 12,000 square feet of Saturnia Stone for use in the Clarion Plaza Hotel in Orlando, Orange County, Florida. The purchase order called for delivery of the stone F.O.B. Miami, at Forms and Surface's own warehouse on March 1, 1991. Welbro took delivery of the stone and installed it. On October *595 1, 1991, Welbro notified Forms and Surfaces that "the Saturnia Stone is not performing as an acceptable floor tile or performing as represented by Forms and Surfaces" and demanded that the stone be replaced. Forms and Surfaces refused.
Welbro filed suit against Forms and Surfaces in Orange County. The stated basis for venue was that the defendant had contracted to supply materials "for incorporation into improvements to the Clarion Hotel, located in Orlando, Orange County, Florida." The complaint sought damages for (1) breach of contract, (2) breach of an implied warranty of fitness for a particular purpose, (3) breach of the express warranty and (4) common law indemnity.[1]
On appeal, Welbro asserts that the trial judge properly denied the motion to transfer venue because the action for breach of contract accrued in Orange County[2] where the "actual failure of the product occurred". Forms and Surfaces maintains that venue in Orange County is not proper because the place of the breach had to be Dade County, where the allegedly defective goods were delivered.
The general rule is that a cause of action for breach of contract "accrues," for venue purposes, where the alleged breach occurred. Jacobs & Goodman, P.A. v. McLin, Burnsed, Morrison, Johnson & Robuck, P.A., 582 So.2d 98 (Fla. 5th DCA 1991); Carter Realty Co. v. Roper Bros. Land Co., 461 So.2d 1029 (Fla. 5th DCA 1985); Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). The breach of contract alleged in this case was that Forms and Surfaces supplied Welbro with defective or nonconforming stone. An action for such a breach accrues, for venue purposes, where the allegedly defective or nonconforming goods were delivered.[3]Whittington v. Laney, 566 So.2d 599 (Fla. 5th DCA 1990); Stanfield v. DeStefano, 300 So.2d 712 (Fla. 2d DCA 1974); Richard Bertram & Co. v. Barrett, 155 So.2d 409 (Fla. 1st DCA 1963). Here the breach occurred, if at all, upon delivery of the goods to Welbro, not, as claimed by Welbro, where the defect was discovered. Accordingly, venue in Orange County is improper. The order denying the motion for change of venue is vacated and the lower court is instructed to enter an appropriate order of transfer to Dade County.[4]
ORDER VACATED and REMANDED with instructions.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] The claim for indemnity sought anticipatory damages from Forms and Surfaces for "any liability or responsibility which WELBRO has, or may have, to the Owner as a result of the defective and non-conforming materials provided by Defendant...."
[2] On appeal, this is the only cause of action which Welbro asserts accrued in Orange County.
[3] The principles relied on by Welbro  which attempt to place venue where the "actual failure of the product occurred"  apply to actions in tort, in which venue is laid where the plaintiff suffers injury. Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA 1993).
[4] It is unclear whether appellee asserts a forum non conveniens argument on appeal; however, if asserted, it is rejected as legally insufficient, both procedurally and substantially.