PER CURIAM.
The plaintiff below, General Tool Industries, Inc. [General Tool], appeals from an adverse final summary judgment entered in favor of the defendants, Premier Machinery, Inc. [Premier] and Mazak Corporation [Mazak]. We affirm.
Mazak manufactures certain types of equipment and machinery; Premier is Ma-zak’s distributor, agent and representative; and General Tool is a machine shop. One of General Tool’s customers asked General Tool to manufacture six different types of rocker arms. General Tool did not have the necessary computerized machining center to produce the rocker arms, and therefore, General Tool contacted Premier and Ma-zak. General Tool provided Premier and Mazak with the specifications for the six rocker arms and its production requirements.
The equipment that was proposed by Premier included a milling machine and a lathe. Premier submitted separate proposals for the milling machine and the lathe which contained the following Terms and Conditions, in relevant part:
11. Seller shall not be liable for any incidental or consequential damages for lost profits, lost sales, injury to person or property or expense arising directly or indirectly from installation or use of the product or from any breach of warranty, rather buyer and seller agree that the sole and exclusive remedy for breach of any warranty concerning the product shall be the repair or replacement of defective parts or, at seller’s option, refund of the purchase price.
20. The submission of your Purchase Order constitutes an acceptance of these terms and conditions and irrevocably binds the customer to the order unless otherwise agreed upon in writing by an officer of Premier Machinery, Inc.
Thereafter, General Tool submitted separate purchase orders for the milling machine and lathe. The purchase orders stated terms additional to or different from the proposals. However, the additional or different terms did not address the limitation of remedies provision contained in paragraph 11 of the proposals.
The lathe and milling machine were manufactured by Mazak and thereafter, *451 delivered and installed by Premier. The equipment would not produce the rocker arms as required. After several failed attempts to resolve the problem, General Tool informed Mazak and Premier that it intended to rescind the agreement. Thereafter, General Tool returned the equipment.
General Tool filed a complaint against Mazak and Premier alleging that the equipment was defective. The complaint sought the return of the deposit, “any and all incidental damages,” “any and all consequential damages,” and “lost profits on foreseeable contracts with third parties for the sale of big and 'small block rocker arms.”
Mazak and Premier filed motions for summary judgment arguing that pursuant to the terms and conditions of the parties’ agreement, specifically paragraph 11 of the proposal, General Tool could not seek incidental or consequential damages, or lost profits. The motion further asserted that General Tool’s exclusive remedy was repair or replacement of the equipment or the refund of the purchase price. The trial court granted the motions for summary judgment noting that Mazak and Premier had agreed to return the deposit paid by General Tool. This appeal followed.
General Tool contends that the trial court erred by granting final summary judgment in favor of Premier and Mazak. We disagree.
If the terms of a written contract are clear and undisputed, the construction of the contract is a question of law, and therefore, can be resolved by summary judgment. See Quayside Assocs., Ltd. v. Harbour Club Villas Condominium, Ass’n, Inc., 419 So.2d 678, 679 (Fla. 3d DCA 1982). The construction of the instant contract was resolvable by summary judgment.
The interpretation of the parties’ contract is governed by the Uniform Commercial Code (UCC), Chapter 672, Florida Statutes (2000). § 672.102, Fla. Stat. (2000) (“[Chapter 672, Florida Statutes (2000)] applies to transactions in goods; ... ”). The instant transactions involved the sale of goods between merchants. See § 672.104, Fla. Stat. (2000). The provisions of the UCC recognize that in transactions involving the sale of goods between merchants, there is often an exchange of forms between the merchants and that these forms create the contract between the parties. See § 607.207, Fla. Stat. (2000).[1]
*452 General Tool’s contention that the proposals submitted by Mazak and Premier do not form a part of the contract because General Tool’s purchase orders contained additional or different terms, is misplaced. Section 672.207(1) of the UCC “permit[s] an acceptance to be operative as an acceptance even though it introduces additional or different terms.” Eastern Cement v. Halliburton Co., 600 So.2d 469, 471 (Fla. 4th DCA), review denied, 613 So.2d 4 (Fla.1992); see also, A & M Eng’g Plastics, Inc. v. Energy Saving Tech. Co., 455 So.2d 1124, 1125 (Fla. 4th DCA 1984) (citing § 672.207, Fla. Stat. (1983)) (“Where an agreement is expressed by forms, one of which contains a term that is neither rejected by the order form nor contradicted by any of its provisions, the term is generally considered incorporated.”). General Tool’s purchase orders contained terms that were additional to or different from those contained in the proposals. However, those terms did not address the limitation of remedies provision.
Section 672.207(2) provides that there are situations where the additional terms do not become a part of the contract. However, the exceptions are not applicable in the instant case because the proposals did not expressly limit acceptance to the terms of the proposals; the additional terms did not materially alter the proposals; and Mazak and Premier did not object to the additional terms.
Because the proposals and purchase orders form a part of the contract between the parties, the limitation of remedies provisions contained in the proposals are applicable. Accordingly, we affirm the trial court’s order granting summary judgment in favor of Mazak and Premier.
Affirmed.

. Section 672.207, Florida Statutes (2000), entitled "Additional terms in acceptance or confirmation,” provides:
(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become a part of the contract unless:
(a)The offer expressly limits acceptance to the terms of the offer;
(b) They materially alter it; or
(c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
(3)Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this code.