832 So.2d 233 (2002)
SYMBOL MATTRESS OF FLORIDA, INC., Appellant,
v.
ROYAL SLEEP PRODUCTS, INC., Appellee.
No. 5D02-552.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
*234 William W. Deem and Michael Cavendish, of McGuire Woods LLP, Jacksonville, for Appellant.
Sabrina Weiss Robinson of Adorno & Zeder, P.A., Miami, for Appellee.
PALMER, J.
Symbol Mattress of Florida, Inc. appeals the non-final order entered by the trial court granting Royal Sleep Products' motion to dismiss for improper venue and transferring the case to the Eleventh Judicial Circuit, in and for Miami-Dade County. We have jurisdiction.[1] Concluding that Royal Sleep Products failed to sustain its burden of proof, we reverse.
Symbol Mattress filed a complaint for declaratory relief in the circuit court, in and for Orange County, seeking a declaration that it was not contractually barred from hiring or continuing to employ Tim Brophy, a former employee of Royal Sleep Products. The complaint alleged that Symbol Mattress was a foreign corporation which transacted business in Florida, and that Royal Sleep was a Florida corporation with its principle place of business in Miami-Dade County, Florida. The complaint further alleged that Royal Sleep had threatened to sue Symbol Mattress for breach of a confidentiality agreement based on the fact that Symbol Mattress had hired Brophy after he quit his job at Royal Sleep. In an effort to avoid such a lawsuit, Symbol Mattress filed this declaratory judgment suit in Orange County seeking a declaration that no such breach had occurred. The complaint alleged that venue was proper in Orange County because the cause of action accrued in Orange County, and because Royal Sleep maintained a sales office in Orange County for the transaction of its customary business.[2]
Royal Sleep filed a verified motion to dismiss for improper venue or to transfer venue on the basis of forum non-conveniens. The motion alleged that Royal Sleep had never maintained an office in *235 Orange County, and that Symbol Mattress had breached the terms of the parties' confidentiality agreement by initiating and maintaining contact with Brophy while he was still employed by Royal Sleep. The motion alleged that venue was improper in Orange County because the underlying breach of contract claim occurred in Miami-Dade County, Royal Sleep resides in and transacts business in Miami-Dade County, and Miami-Dade County was the most convenient place for the case to be litigated.
In opposition to the motion, Symbol Mattress filed an affidavit prepared by Tim Brophy, in which he stated that he was currently employed by Symbol Mattress as their Orlando area sales representative and that he had previously worked for Royal Sleep as a sales representative, transacting business on behalf of Royal Sleep in Orange County.
The trial court granted Royal Sleep's motion on the basis of improper venue, without reaching the issue of forum non-conveniens, and transferred the matter to the circuit court, in and for Miami-Dade County. Symbol Mattress challenges that ruling arguing that the trial court erred in granting Royal Sleep's motion to dismiss based on improper venue, since the cause of action accrued in Orange County. We agree.
In Dive Bimini, Inc. v. Roberts, 745 So.2d 482 (Fla. 1st DCA 1999), the First District explained that the standard of appellate review for an order transferring venue on the basis of improper venue is de novo:
As we have recently explained: Whether venue is proper in a particular forum, however, is not a matter of judicial discretion. If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute. This kind of venue motion usually presents an issue of law or a mixed issue of law and fact. The question is not whether the trial court should transfer venue, but whether it must. Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999).
Id. at 483.
Generally, a plaintiff may choose to institute suit in any proper place of venue and such choice must be honored by the trial court. A & M Engineering Plastics, Inc. v. Energy Saving Technology Co., 455 So.2d 1124 (Fla. 4th DCA 1984). In seeking a change of venue the defendant has the burden of clearly proving that the venue selected by the plaintiff is improperit is insufficient to merely establish that venue is proper elsewhere. Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla.1955). See also Orange Blossom Enterprises, Inc. v. Brumlik, 430 So.2d 13 (Fla. 5th DCA 1983). Furthermore, in seeking a change of venue the defendant must establish a sufficient record or basis for the relief requested because only upon a showing that the lawsuit was filed in the wrong county can the trial court grant a motion for change of venue. Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA), rev. denied, 392 So.2d 1378 (Fla.1980).
*236 Section 47.011 of the Florida Statutes (2001) sets forth Florida's general venue provision as follows:
47.011. Where actions may be begun Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
However, since the named party-defendant in this lawsuit was a domestic corporation (Royal Sleep), section 47.051 of the Florida Statutes (2001) must also be considered since the statute specifically defines the scope of venue for actions against corporations:
47.051. Actions against corporations Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
It is undisputed that there is no property involved in the instant litigation and that Royal Sleep's office is located in Miami-Dade County. As for the third basis, the cause of action alleged in the complaint was a claim for declaratory relief; however, "[a] suit for declaratory relief does not itself constitute a cause of action for venue purposes, but rather, it is the underlying relief sought which determines venue." Royal Jones & Associates, Inc. v. Cigna Ins. Co., 575 So.2d 309 (Fla. 2d DCA 1991). Thus, in order to determine whether Orange County qualified as being a proper venue alternative, the trial court was required to determine the nature of the underlying relief sought by Symbol Mattress.
Symbol Mattress's claim for relief centered around a claim of breach of contract. A breach of contract action accrues, for venue purposes, where the contract is breached; that is, where the defendant failed to perform the covenant that was allegedly breached. Schecter v. Fishman, 525 So.2d 502 (Fla. 5th DCA 1988). Presumably, in concluding that venue was not proper in Orange County, the trial court determined that no breach of contract occurred in Orange County. Symbol Mattress challenges this conclusion, arguing that the alleged breach of contract occurred in Orlando and thus venue was proper there. More specifically, Symbol Mattress argues that the cause of action for breach of contract accrued in Orange County because the last act giving rise to the cause of action was the hiring and continued employment of Brophy in Orange County as Symbol Mattress's Orlando-area sales representative. The ruling in Williams v. Goldsmith, 619 So.2d 330 (Fla. 3d DCA 1993) supports this argument.
In Williams, the defendant appealed the trial court's order denying his motion for change of venue. The facts demonstrated that the defendant was a partner in a Brevard County law firm which had a second office in Miami-Dade County. When the defendant left the firm he took many of the firm's clients with him, so the firm sued the defendant in Dade County on several theories, including a claim of breach of their partnership agreement. The defendant moved to transfer the lawsuit to Brevard County but the trial court denied the motion. Upon review, the Third District reversed:
It is undisputed that appellant resides in Brevard County. Furthermore, the instant litigation does not involve property. Thus, venue could be proper in Dade County only if that is where any one of the causes of action arose. Spector v. Old Town Key West Development, Ltd., 567 So.2d 1017, 1019 (Fla. 3d DCA *237 1990), review denied, 577 So.2d 1327 (Fla.1991). For venue purposes, a cause of action for breach of contract accrues in the county where the breach occurs. Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984); Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981).... In this case, the alleged breach occurred in Melbourne when appellant left the firm and wooed clients away from the firm. Accordingly, the proper venue for this cause of action was in Brevard County.
Id. at 332.
Here, the parties' confidentiality agreement allegedly prohibited Symbol Mattress from hiring Brophy and continuing to employ him in the Orlando area, and Brophy's deposition states that all of his current business activities for Symbol Mattress are centered in Orange County. On these facts Symbol Mattress's alleged breach of contract occurred in Orange County. Therefore, the trial court erred in concluding that venue was not proper in Orange County. As such, the trial court's order must be reversed and this matter remanded for further consideration of the unresolved issue of forum non-conveniens. See Carbone v. Value Added Vacations, Inc., 791 So.2d 1217 (Fla. 5th DCA 2001)(holding that breach of employment agreement cause of action brought by corporation against employee accrued in Dade County, for venue purposes, where parties agreed that employee's performance was primarily due in Dade County).
REVERSED and REMANDED.
COBB and PLEUS, JJ., concur.
NOTES
[1] See Fla. R.App. P. 9.130(a)(3)(A).
[2] See §§ 47.011, 47.051, Fla. Stat. (2001).