912 So.2d 18 (2005)
PIER POINT DEVELOPERS, L.L.C., a Florida limited liability company, Appellant,
v.
Philip R. WHITELAW, Appellee.
No. 4D04-4338.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
Mark S. Schecter and David M. Adelstein of Schecter Law, P.A., Fort Lauderdale, for appellant.
William E. McGrew, Fort Myers, for appellee.
STEVENSON, J.
Appellant-plaintiff below, Pier Point Developers, L.L.C., challenges a non-final order of the Broward County circuit court transferring venue of this commercial dispute to the Twentieth Judicial Circuit in Lee County. We reverse.
Pier Point is the developer of a condominium project in Broward County, called Oriana at Lauderdale by the Sea. Pier Point's principal place of business is in Broward County. Appellee, Philip Whitelaw, *19 builds scaled display models for real estate projects. Whitelaw's business, Modelmaker.com, is located in Lee County. In February of 2004, the parties entered into a contract for Whitelaw to build a scaled model of the condo project. The contract provided a purchase price of $26,798.75 and included the term "FOB my studio." Whitelaw agreed to build, deliver and set up the model within six weeks. The contract provided that the purchase price included delivery and set-up. Pier Point paid half the purchase price up front and paid another fourth of the purchase price midway through the project. The final payment was due upon delivery.
More than three months after they entered into the contract, Whitelaw delivered the model to Pier Point's place of business in Broward County. Pier Point tendered the payment in Broward County, but upon inspection decided that the model was defective and showed poor workmanship. Pier Point rejected the model, stopped payment on the check for the final payment, and filed suit in Broward County, alleging: (1) breach of contract; (2) negligent misrepresentation; (3) fraudulent inducement; and (4) breach of implied warranty of fitness for a particular purpose.
In response to the complaint, Whitelaw filed a motion to transfer venue to Lee County. As grounds for the change, Whitelaw asserted that he signed the contract in Lee County, he received the plans to construct the model in Lee County, he constructed the model in Lee County, and Pier Point tendered the advance and mid-progress payments in Lee County. Whitelaw argues that the contract did not call for delivery of the model in Broward County, but rather provided for "FOB my studio," which meant that title to the model passed to Pier Point at Whitelaw's studio and risk of loss during delivery was on Pier Point. Pier Point filed an affidavit in opposition to the motion, asserting that the allegations in the complaint were true and that the contract provided that the model would be delivered to Broward County and was discovered defective in Broward County. The trial court granted the motion to change venue, citing only A & M Engineering Plastics, Inc. v. Energy Saving Technology Co., 455 So.2d 1124, 1125 (Fla. 4th DCA 1984).
Venue is governed by Florida Statutes section 47.011, which provides in part that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." The plaintiff has the option of selecting venue as long as the plaintiff's choice is supported by the statute. See Nicholas v. Ross, 721 So.2d 1241, 1242 (Fla. 4th DCA 1998). To change venue, the defendant has the burden of showing that the venue selected by the plaintiff is improper. See Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc., 832 So.2d 233, 235 (Fla. 5th DCA 2002).
Generally, for breach of contract actions, venue is proper where the breach occurred. See Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA 1993). When the breach involves delivery of defective or nonconforming goods, venue is proper where the goods were delivered. See Forms & Surfaces, Inc. v. Welbro Constructors, Inc., 627 So.2d 594, 595 (Fla. 5th DCA 1993).
In relying on A & M Engineering, the trial court apparently agreed with Whitelaw's argument that the insertion of the term "FOB" in the contract meant that delivery took place in Lee County. In A & M Engineering, the buyer, a Florida corporation with its principal place of business in Broward County, and the seller, a Florida corporation with its only office in Pinellas County, entered into a contract *20 for plastic parts and moldings. The seller made several shipments to the buyer's place of business in Broward County and then informed the buyer that a manufacturing problem had caused a temporary shutdown. The buyer sued in Broward County for breach of contract for failure to supply the plastic parts and the seller moved for change of venue. The contract stated "[p]rices are quoted F.O.B. Clearwater, Fl." 455 So.2d at 1125. Because there were no terms to the contrary, this court determined that the FOB phrase, which meant that the risk of loss passed to the buyer in Clearwater, also meant that Clearwater was the place of delivery and, thus, the place where the breach occurred. See id. at 1125-26.
The term "F.O.B." is defined in Part III of the Uniform Commercial Code  Sales:
(1) Unless otherwise agreed the term "F.O.B." (which means "free on board") at a named place, even though used only in connection with the stated price, is a delivery term under which:
(a) When the term is "F.O.B. the place of shipment," the seller must at that place ship the goods in the manner provided in this chapter (s. 672.504) and bear the expense and risk of putting them into the possession of the carrier;. . .
§ 672.319(1)(a), Fla. Stat. (2003). Additionally, section 672.504, entitled "Shipment by seller," provides:
Where the seller is required or authorized to send the goods to the buyer and the contract does not require her or him to deliver them at a particular destination, then unless otherwise agreed the seller must:
(1) Put the goods in the possession of such a carrier and make such a contract for their transportation as may be reasonable having regard to the nature of the goods and other circumstances of the case; . . .
Courts have held that when the requirements of the statute are complied with, the insertion of the term "F.O.B. [the place of shipment]" establishes the location of the "delivery" of goods for the purposes of venue in a breach of contract action when either the goods were not delivered or were defective when delivered. See A & M Eng'g, 455 So.2d at 1125; see also Forms & Surfaces, 627 So.2d at 595; Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979). Here, despite the phrase "FOB my studio," there was contrary language in the contract, indicating the purchase price included "set up and delivery," which could mean "set up" at or near the buyer's location. In his affidavit opposing the motion to transfer venue, Howard Camac, managing partner of Pier Point, stated that Whitelaw delivered the display model to Pier Point in Broward County. On the record before the court, we are unable to determine if Whitelaw placed the model for shipment from the studio in compliance with section 672.504 or simply delivered the model to Pier Point at a particular destination in Broward County. The term "F.O.B." is not a magic talisman for the creation of venue rights when the rigors of the statute have not been complied with.
Because the proper place of venue in relation to the breach of contract claim turns on the place of delivery, we must remand to the trial court to resolve the factual issue of whether the place of delivery in this case was Lee County or Broward County. See Forms & Surfaces, 627 So.2d at 595. We note that the trial court made no express findings in regard to the tort claims, but we find, to the extent they are viable, venue is proper for them in Broward County and the trial court erred in ruling otherwise. See First State Bank *21 of Miami v. McGrotty, 354 So.2d 1273, 1274 (Fla. 1st DCA 1978) (holding that where allegations of complaint place venue in county where action is brought, merits of a properly stated cause of action are to be determined during the proceedings and not upon resolution of venue issue).
REVERSED in part and REMANDED.
TAYLOR and MAY, JJ., concur.