KLEIN, J.
D & D Enterprises, a Florida corporation, purchased landing gear for an airplane from defendant TMW, a California corporation. After receiving the landing gear, but not the proper documentation necessary for plaintiff to resell it, plaintiff filed this suit against the defendant in Florida. Defendant moved to dismiss for forum non conveniens, contending that the matter should be litigated in California, which the trial court denied and which defendant appeals.
The transaction was initiated when plaintiff, at its place of business in Bro-ward County, received a telephone call from the defendant informing plaintiff of the availability of airplane parts. The parties later entered into a purchase agreement which provided that the landing gear would be shipped from California by “UPS-ORANGE FOB ORIGIN.” Along with the landing gear, the plaintiff was entitled under the contract to a “trace and nonincident statement of documentation,” without which plaintiff could not resell the gear.
Defendant relies on Pier Point Developers L.L.C. v. Whitelaw, 912 So.2d 18 (Fla. 4th DCA 2005), which held that in an action for breach of contract, venue is proper where the breach occurred, and that when the breach involves delivery of defective goods, venue is proper where the goods were delivered. Defendant argues that because the gear was sent from California “FOB ORIGIN,” venue is proper in California. Defendant explains that “FOB” means “free on board” and that title to the goods passed from the purchaser to the seller at the point when the seller’s performance was complete, that is, California. Pier Point did not, however, involve the venue ground raised in this case, forum non conveniens, which is controlled by Kinney System v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).
Under Kinney there is a four step analysis, the first of which is to determine whether the alternative forum (California) is adequate and possesses jurisdiction over the whole case. Id. at 90. Assuming in this case that California was an adequate alternative forum, the trial court then should have considered the second step, the private interests, which include “adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation.” Id. at 91. In this analysis there is generally, and under these facts, a strong presumption in favor of the plaintiffs choice of forum. Id. at 91.
In the present case, the private interests, without considering the presumption, do not favor either side. It will be just as inconvenient for the plaintiff to litigate in California as it will be for the defendant to litigate in Florida. Under these circumstances the presumption favoring plaintiffs choice of forum has not been overcome, and we accordingly affirm.
GUNTHER and TAYLOR, JJ., concur.