ALTENBERND, Judge.
Raja J. Aboul-Hosn appeals an order denying his motion to transfer venue. We reverse the order, but we do not compel the trial court to grant the transfer on remand. We conclude that the trial court *446 should require Frost Van Den Boom & Smith, P.A. (Frost), to amend its complaint to better describe its claim before a decision is made on venue.
Frost sued Mr. Aboul-Hosn in Polk County where the law firm has its office. The complaint alleges that Mr. Aboul-Hosn is a client who entered into a written contingent fee contract with Frost. Frost allegedly performed legal services for Mr. Aboul-Hosn that resulted in a presuit agreement with Nationwide Mutual Insurance Company. Nationwide allegedly sent checks totaling over $200,000 to Frost. Frost alleges in general terms that it “performed all conditions precedent” and that Mr. Aboul-Hosn refused to pay Frost more than $75,000 in fees. However, the complaint also explains that Mr. Aboul-Hosn “refused to otherwise fulfill the terms of the presuit agreement of the parties with Nationwide.”
Mr. Aboul-Hosn responded to the complaint with a motion to transfer venue to Osceola County. The motion and related affidavit explain that Mr. Aboul-Hosn lives in Osceola County and that his claim against Nationwide related to property in Osceola County. He has refused to sign the checks that Nationwide sent to Frost. The trial court denied the motion to transfer venue.
It does not appear from the limited record in this nonfinal appeal that Frost is seeking fees under its contract as a discharged law firm. Instead, it appears to be seeking fees on a contingency basis even though the law firm has not yet convinced its client to conclude the settlement. From the record, little or nothing can be ascertained about the alleged presuit agreement and the resulting disagreement with the client. The complaint does not even disclose whether Nationwide is Mr. Aboul-Hosn’s property insurer or an insurer for a tortfeasor that damaged his property. The issue of venue is difficult to resolve because the complaint fails to contain a short and plain statement of the ultimate facts showing that Frost has earned a contingency fee.
If this lawsuit is merely a lawsuit by a creditor against a debtor, then venue in Polk County may be appropriate. See James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487, 489 (Fla. 2d DCA 1970) (recognizing that when a debtor-creditor contract involves the payment of money and does not specify place of payment, venue is proper where the creditor has an established place of business); Michael Schiffrin & Assocs., P.A. v. Koraly, 957 So.2d 655, 658 (Fla. 3d DCA 2007) (holding that law firm’s suit for client’s breach of contingency fee agreement could be filed where law firm had its principal place of business when agreement did not specify place of payment). On the other hand, if this is actually a lawsuit to determine Mr. Aboul-Hosn’s obligations under the presuit agreement or to compel him to settle his cause of action against Nationwide that concerns property in Osceola County, then Osceola County may be the appropriate venue. See § 47.011, Fla. Stat. (2012) (“Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.”); see also Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc., 832 So.2d 233, 236 (Fla. 5th DCA 2002)(“ ‘[A] suit for declaratory relief does not itself constitute a cause of action for venue purposes, but rather, it is the underlying relief sought which determines venue.’ ”) (quoting Royal Jones & Assocs., Inc. v. Cigna Ins. Co., 575 So.2d 309 (Fla. 2d DCA 1991)).
An examination of this complaint fails to help us determine the underlying cause of action that is the basis for the lawsuit, and as a result, we are unable to determine *447 venue. We conclude that the trial court erred in deciding the issue of venue in favor of the plaintiff’s chosen venue when the complaint failed to allege sufficient information to determine the true nature of the pending claim.
Reversed and remanded.
KELLY and SLEET, JJ„ Concur.