IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM JAMES CORIO,

       Appellant,

v.                                    Case No. 5D15-3474

BRENDA LOPEZ,

       Appellee.

_____/

Opinion filed May 6, 2016

Non-Final Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Michael B. Jones, of The Wheelock Law
Firm, LLC, Orlando, for Appellant.

No Appearance for Appellee.

PER CURIAM.

      William J. Corio filed a paternity action against Brenda Lopez in Orange County

Circuit Court. Corio alleged that he, Lopez and their children lived in Orange County

until Lopez relocated with the children to Polk County. In response to Corio's lawsuit,

Lopez filed a motion to change venue pursuant to the general venue statute, section

47.011, Florida Statutes (2015), which provides that "[a]ctions shall be brought only in

the county where the defendant resides, where the cause of action accrued, or where

the property in litigation is located." Without a hearing, the trial court granted the motion and transferred the action to Polk County. We reverse.

Corio was deprived of due process when the trial court entered the order without affording him the opportunity to be heard on the motion. E.g., Sims v. Holloway, 135 So. 3d 360, 360 (Fla. 5th DCA 2013); J.L.S. v. R.J.L., 708 So. 2d 293, 294 (Fla. 2d DCA 1998). Notwithstanding, we review the trial court's legal conclusion that venue was proper in Polk County de novo and conclude that it was incorrect. See Hall v. Animals.com, L.L.C., 171 So. 3d 216, 217 (Fla. 5th DCA 2015); PricewaterhouseCoopers LLP v. Cedar Res., Inc., 761 So. 2d 1131, 1133 (Fla. 2d DCA 1999).

A paternity action lies in the circuit court for the county in which either the plaintiff or defendant resides. § 742.021(1), Fla. Stat. (2015). This specific venue statute controls over the general venue statute in paternity proceedings. See Ferguson v. Little, 266 So. 2d 363 (Fla. 1st DCA 1972); Paulet v. Hickey, 206 So. 2d 29 (Fla. 2d DCA 1968). Corio's initial selection of venue was proper under section 742.021 since he resides in Orange County. When venue is proper in more than one county, a plaintiff may choose to institute suit in any proper place and the trial court must honor that choice. Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc., 832 So. 2d 233, 235 (Fla. 5th DCA 2002). In seeking a change of venue, the defendant has the burden of proving that the plaintiff's venue selection is improper; it is insufficient to merely establish that venue is proper elsewhere. Id. In this matter, Lopez, the party contesting venue, has not demonstrated the impropriety of Corio's selection since section 742.021

controls, and therefore, Corio properly instituted the lawsuit in Orange County, the county of his residence.[1]

For these reasons, we reverse the order transferring venue to Polk County.

REVERSED.

ORFINGER, EVANDER and COHEN, JJ., concur.

---

[1] We note that upon a sufficient showing, the circuit court is empowered to transfer the case to another proper venue for the convenience of the parties or witnesses, or in the interest of justice. See § 47.122, Fla. Stat. (2015); J.L.S., 708 So. 2d at 295. However, Lopez did not seek a change of venue under that provision, and therefore, it is not at issue in this case.