WARNER, J.
A mother timely appeals a non-final order denying her motion for change of venue in an action to determine paternity. The father alleged in his complaint that he resides in Palm Beach County, and venue is proper based on section 742.021(1), Florida Statutes (2016), which permits the filing of a paternity action in the county where the plaintiff or defendant resides. We affirm the order but without prejudice to the court considering a transfer based upon the convenience of the parties and witness, pr to unify the proceedings .with respect to the child, which are now pending in two different counties.
The father filed a paternity complaint in Palm Beach County, alleging that he is the father of the two-year-old child. He alleged that the mother resides in Broward County, and the child lives with the mother. The mother moved to transfer the case to Broward County, where she and the child live and where all the witnesses live. In addition, the mother claimed that she had already initiated a child support action against the father in the Child Support Enforcement Division in Broward County before the filing of the paternity action in Palm Beach County. At a non- *1002 evidentiary. hearing, the trial court denied the motion, finding venue proper pursuant to section 742.021(1), Florida Statutes, This appeal follows.
In Cono v. Lopez, 190 So.3d 1152 (Fla. 5th DCA 2016), the court explained that pursuant to section 742.021(1), Florida Statutes, the plaintiff has a choice of venue for a paternity action, and the defendant must prove that the venue selection is improper: '
A paternity action lies in the circuit court for the county in which either the plaintiff or defendant resides. § 742.021(1), Fla. Stat. (2015). This specific venue statute controls over the general venue statute in paternity proceedings. See Ferguson v. Little, 266 So.2d 363 (Fla. 1st DCA 1972); Paulet v. Hickey, 206 So.2d 29 (Fla. 2d DCA 1968). Corio’s initial selection of venue was proper under section 742.021 since he resides in Orange County. When venue is proper in more than one county, a plaintiff may choose to" institute suit in any proper place and the trial court must honor that choice. Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc., 832 So.2d 233, 235 (Fla. 5th DCA 2002). In seeking a change of .venue, the defendant has the burden of proving that the plaintiffs venue selection is improper; it is insufficient to merely establish that venue is proper elsewhere. Id.
Cario, 190 So.3d at 1153. We agree with Corlo. In this case, the mother did not establish that the father’s venue choice was improper., Thus, the court must hon- or the father’s choice.
This does not mean, however, that the mother may not move to transfer venue “to any other court of record in which it might have been brought” for “the convenience of the parties or. witnesses.” § 47.122, Fla. Stat. (2015); see Cono, 190 So.3d at 1153; J.L.S. v. R.J.L., 708 So.2d 293, 295 (Fla. 2d DCA 1998). While the mother raised a transfer on these grounds in her motion, it is apparent. from the court’s order that it did not consider transferring venue pursuant to this section.
Moreover, and perhaps most importantly, the mother alleges that she had already commenced a child support enforcement proceeding in Broward County. Florida Family Law Rules apply to both the proceedings in Broward County and to the paternity action in Palm Beach County. See Fla. Fam.. L.R.P. 12.010(a)(1). The rules endorse the principle of placing related matters before the same family court judge unless impractical. See Fla. Fam. L.R.P. 12.003(a)(1). The court should consider these rules, in addition to section 47.122, Florida Statutes, permitting a change of venue “for the convenience of the parties or witnesses or in the interest of justice[.]”
We therefore affirm but remand for the court to consider a transfer of venue pursuant to section 47.122, Florida Statutes.
TAYLOR and CONNER, JJ., concur.