# Third District Court of Appeal

**State of Florida**


Opinion filed August 02, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1113
Lower Tribunal No. 16-6810
_____


**Marco DeStefanis,**
Appellant,

vs.

**Han Ming Tan,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David H. Young, Judge.

Foster-Morales Sockel-Stone, LLC, and Dori Foster-Morales; Ross & Girten, and Lauri Waldman Ross, for appellant.

Law Offices of Aliette H. Carolan, PA, and Aliette H. Carolan; Law Offices of Greene Smith Jean, P.A., and Laura Davis Smith, Sonja A. Jean and Alicia M. De La O, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ and LOGUE, JJ.

ROTHENBERG, C.J.

Marco DeStefanis appeals the trial court's order denying his motion to dismiss Han Ming Tan's amended petition for dissolution of marriage on the basis of forum non conveniens.[1]  Because it is undisputed that neither DeStefanis nor Tan are United States citizens; neither currently reside in Florida nor resided in Florida when the petition and the amended petition were filed; the child in question is currently and was residing in New York with DeStefanis when the petition and amended petition were filed; the parties and the child had not resided in Florida for more than a year at the time of the hearing; and Tan was unable to identify a single witness or evidence located in Florida, we conclude that it was an abuse of discretion to deny DeStefanis' motion to dismiss the amended petition for dissolution of marriage based on forum non conveniens.

The following facts were either undisputed or stipulated to by the parties. DeStefanis and Tan entered into a same-sex civil partnership in the United Kingdom in 2008, which was converted into a same-sex marriage in the United Kingdom on February 10, 2015.  DeStefanis was born in Italy, has dual citizenship in Italy and the United Kingdom, and resides in New York.  Tan was born in Malaysia, has dual citizenship in Malaysia and the United Kingdom, and resides in London.  DeStefanis is in the United States on a five-year E-2 visa connected to his

---

[1] The motion to dismiss raised several grounds for dismissal of the petition, but the sole ground upon which DeStefanis has appealed is the denial of his motion on the basis of forum non conveniens.

employment, and Tan's periodic stays in the United States were permitted under the same E-2 visa as a spouse. The parties own a home in London, which they list as their residence or domicile.

A child was born in Missouri on September 24, 2014, through a surrogate during the time in which the parties' relationship was classified as a civil partnership. On October 3, 2014, a Missouri court declared DeStefanis the genetic and legal father of the child with exclusive custody of the child.

Prior to the child's birth, DeStefanis resided in New York and Tan resided in Malaysia. However, in August 2014, just prior to the child's birth, Tan moved to New York. The parties lived in New York with the child briefly and then they all moved to Miami-Dade County, Florida, where they lived in a friend's apartment for approximately ten months, from December 2, 2014 to mid-October 2015. On or about October 15, 2015, Tan moved back to London. Although Tan has traveled back and forth between London and Malaysia, he has not returned to Florida. DeStefanis and the child moved back to New York on March 5, 2016, where they have continuously lived since leaving Florida.

Both parties have filed petitions for dissolution of marriage. After moving to New York, DeStefanis filed his petition in London, and Tan was served in London on or about April 18, 2016. Thereafter, Tan filed his petition in Miami-Dade County and served DeStefanis in New York City on or about May 13, 2016.

The parties agree that because the child resided in Miami-Dade County from approximately December 2, 2014 to March 5, 2016, the Miami-Dade County circuit court has jurisdiction over the issues relating to the child pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA").

The trial court has already determined that it lacks subject matter jurisdiction over the dissolution of the marriage, and the dissolution of the marriage is currently being litigated in London. Thus, the only issues currently before the trial court are those related to the child, who was born in Missouri and currently lives with her genetic and legal father in New York, and where she has lived since March 2016.

## ANALYSIS

An order denying a motion to dismiss based on forum non conveniens is reviewed for an abuse of discretion. Steckler v. Steckler, 921 So. 2d 740, 744 (Fla. 5th DCA 2006). In Kinney System, Inc. v. Continental Insurance Co., 674 So. 2d 86, 87-88 (Fla. 1996), the Florida Supreme Court noted the following:

> Forum non conveniens is a common law doctrine addressing the problem that arises when a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere. Forum non conveniens also serves as a brake on the tendency of some plaintiffs to shop for the "best" jurisdiction in which to bring suit—a concern of special importance in the international context.

(footnote omitted). This is such a case. First, the petition and amended petition that were filed in the circuit court were for dissolution of marriage. The circuit court, however, has no jurisdiction over the dissolution of the marriage, which is being litigated in London. Second, although the trial court has jurisdiction over the issues involving the child, neither the parties nor the child live in Florida. Additionally, the parties own no property in Florida, have no family living in Florida, have no ties to Florida, and have not identified any Florida witness. In short, Florida has little or no connection to the parties or the subject litigation. And, just as the Florida Supreme Court warned in Kinney, Tan has admitted that he filed his dissolution of marriage petition in Florida and wishes to keep the portion of the case involving the child in Florida, rather than litigating the case in New York, because he believes Florida substantive law will provide him with a more favorable result than if those issues are resolved in New York, where the child and legal father, who was judicially granted sole custody of the child, reside.

Our analysis is directed by sections 61.515 and 61.520, Florida Statutes (2015). Under section 61.515(1), the trial court in the instant case has exclusive and continuing jurisdiction to make child custody determinations until:

> (a) A court of this state determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

5

(b) A court of this state or a court of another state determines that the child, the child's parent, and any person acting as a parent do not presently reside in this state.

It is undisputed that the child, the child's parent(s), and any person acting as a parent do not presently reside in Florida and have not resided in Florida for over a year. Tan has not resided in Florida since approximately October 15, 2015, and he currently resides in London. DeStefanis and the child moved back to New York on or about March 5, 2016, where they have continuously lived since leaving Florida. Thus, on March 30, 2017, when the trial court conducted the evidentiary hearing on DeStefanis' motion to dismiss based on forum non conveniens, it had been over a year since the parties and the child had resided in Florida.

Although it appears obvious that, based on these undisputed facts and pursuant to section 61.515(b), the trial court does not have exclusive jurisdiction to make child custody determinations, the trial court has not yet made that determination. We, therefore, treat the trial court's jurisdiction as exclusive, and analyze section 61.520 under the lens of exclusivity.

Suit was brought under the UCCJEA, which contains a specific forum non conveniens provision, section 61.520. Because the UCCJEA contains a specific forum non conveniens provision, that provision controls, rather than the common law forum non conveniens on which Kinney is based. See Corio v. Lopez, 190 So. 3d 1152, 1153 (Fla. 5th DCA 2016) (holding that the specific venue statute for

6

paternity actions displaces the more general statute). However, even if we were to review DeStefanis' motion under the <u>Kinney</u> factors, we would conclude that the trial court abused its discretion by denying DeStefanis' motion to dismiss on the basis of forum non conveniens under that analysis as well.

We now address the specific forum non conveniens provision under the UCCJEA, section 61.520. Section 61.520 permits a court in this state that has jurisdiction to make a child custody determination to "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." § 61.520(1). Section 61.520(2) requires the court to consider all relevant factors, but lists several factors that the court must consider. Section 61.520(2) provides as follows:

> (2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (b) The length of time the child has resided outside this state;
>
> (c) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (d) The relative financial circumstances of the parties;

7

(e)     Any agreement of the parties as to which state should assume jurisdiction;

(f)     The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(g)     The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h)     The familiarity of the court of each state with the facts and issues in the pending litigation.

The trial court correctly dispensed with subsections (a), (d), (e), (g) and (h), as there were no allegations of domestic violence, agreement by the parties, concern over the financial ability of either party to litigate the case in either Florida or New York, or the ability of the New York court to resolve the child custody issues. We therefore address the findings as to subsections (b), (c), and (f).

The trial court found under subsection (b) that when the action commenced, DeStefanis and the child had only resided outside the state of Florida for two weeks. While that finding is correct, we find that the trial court erred by failing to consider that the Petitioner, Tan, left Florida for London on October 15, 2015, months before he filed his petition, and has never returned, and more importantly, that at the time of the hearing, DeStefanis and the child had been living in New York for over a year. The record reflects that the child was born in Missouri, lived in New York before living in Florida for ten months and then returned to New

8

York. We, therefore, conclude that the trial court failed to comply with section 61.520(2)(b) by failing to consider fully "[t]he length of time the child has resided outside this state."

We also find no support in the record for the trial court's determination under section 61.520(2)(f) that "[t]he nature and location of the evidence required to resolve the litigation includes witnesses and documents in both jurisdictions." Tan has not been able to identify any witness or evidence presently located in Florida. The child's genetic and legal father, caretakers, nanny, pediatrician, and school are all in New York.

Lastly, when the trial court considered the distance between the trial court in Florida and the trial court in New York, it concluded that the distance that the parties would have to travel would "not impose an impediment." See § 61.520(2)(c). However, the issue is not whether having to fly to Miami from New York for hearings and other proceedings would impose an impediment for resolution of child custody. The issue is whether New York, where DeStefanis and the child permanently reside, would be a more convenient forum than Florida. Tan resides in London and will have to commute regardless of whether the lawsuit is litigated in Miami or New York. On the other hand, it would certainly be more convenient for DeStefanis and the New York witnesses to appear in New York where they reside rather than travel to Miami for hearings.

9

Because neither the parties nor the child have resided in Florida for over a year prior to the hearing conducted by the trial court on DeStefanis' motion to dismiss; the legal parent and child currently reside and have resided in New York since they left Miami on March 5, 2016; Tan has not resided in Florida since October 15, 2015; neither party has identified a single witness or any evidence located in Florida; and neither party has a significant connection to Florida (they own no property, have no business, and have no relatives living in Florida), we conclude that the trial court abused its discretion by continuing to exercise its jurisdiction over the child custody issues and denying DeStefanis' motion to dismiss under section 61.520. According, we reverse the trial court's order denying DeStefanis' motion to dismiss pursuant to section 61.520.

Reversed and remanded.